1   Lewis Brisbois Bisgaard & Smith LLP
    Eric Y. Kizirian, SB# 210584
2       Eric.Kizirian@lewisbrisbois.com
    Michael K. Grimaldi, SB# 280939
3       Michael.Grimaldi@lewisbrisbois.com
    Zourik Zarifian, SB# 306368
4       Zourik.Zarifian@lewisbrisbois.com
    633 West 5th Street, Suite 4000
5   Los Angeles, California 90071
    Tel.: 213.250.1800
6   Fax: 213.250.7900

7   Attorneys for Defendants
    Lamps Plus, Inc., Lamps Plus Centennial,
8   Inc., Lamps Plus Holdings, Inc.

9

10                  UNITED STATES DISTRICT COURT

11          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13   FRANK VARELA, on behalf of himself       Case No. 5:16-cv-00577-DMG
     and all others similarly situated,
14                                            Hon. Dolly M. Gee
                    Plaintiff,
15                                            MEMORANDUM OF POINTS AND
16          vs.                               AUTHORITIES IN SUPPORT OF LAMPS
                                              PLUS, INC.'S MOTION TO COMPEL
17   LAMPS PLUS, INC., LAMPS PLUS             ARBITRATION ON AN INDIVIDUAL BASIS
     CENTENNIAL, INC., LAMPS PLUS             AND, IN THE ALTERNATIVE, A RULE
18   HOLDINGS, INC., and Does 1 through 10,   12(B)(6) MOTION TO DISMISS
     inclusive,
19                                            Date:        July 1, 2016
20                  Defendants.               Time:        9:30 a.m.
                                              Courtroom:   7
21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# TABLE OF CONTENTS

Page

I.      Introduction ...................................................................................... 1

II.     Plaintiff Agreed to Arbitrate "any and all disputes" with Lamps Plus and to Not File Suit. .......................................................................... 2

III.    Under the FAA, the Court Must Enforce the Parties' Arbitration Agreement According to Its Terms. .................................................... 3

IV.     The Arbitration Agreement Is a Valid and Enforceable Contract. ................... 4

        A.      The Agreement Is Neither Unconscionable nor Unenforceable. ............ 5

V.      The Agreement to Arbitrate "All Claims" Squarely Covers Plaintiff's Claims in This Lawsuit. ...................................................... 7

VI.     Arbitration Should be Limited to Plaintiff's Individual Claims. ..................... 8

VII.    The Court Should Dismiss the Case So the Parties Can Arbitrate................. 11

VIII.   The Court Should Order that a JAMS Arbitrator Be Used. .......................... 11

IX.     *In the Alternative Only*, If Arbitration Is Denied, Plaintiff's Complaint Should Be Dismissed Under Rule 12(b)(6). .............................................. 11

X.      Plaintiff's Negligence Claim Fails for Numerous Reasons. .......................... 12

        A.      The Economic Loss Doctrine Bars the Negligence Claim. .................. 12

        B.      Plaintiff Fails to Allege Any Facts Showing that Lamps Plus Negligently Supervised Its Employee Who Sent the Email. ................ 13

        C.      Plaintiff Fails to Allege That Lamps Plus Had a Legal Duty. .............. 13

XI.     Plaintiff's Implied Contract Claim Should Be Dismissed Because the Purpose of Any Agreement Between Plaintiff and Lamps Plus Was Not Frustrated. ................................................................................ 15

XII.    Plaintiff's Customer Records Act Claim Fails Because He Is Not a "Customer." ..................................................................................... 16

XIII.   Plaintiff's Invasion of Privacy Claim Fails Because the Alleged Invasion Was Not "Serious" and Was Not "Highly Offensive to a Reasonable Person." .................................................................... 17

XIV.    Plaintiff's Fair Credit Reporting Act Claim Fails Because Lamps Plus Is Not a Consumer Reporting Agency. ............................................. 19

XV.     Plaintiff's UCL Claim Fails for Want of a Remedy. ................................... 20

XVI.    Plaintiff Does Not Allege Any "Unfair" Conduct Under the UCL. .............. 21

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

XVII. Plaintiff's UCL "Unlawful" Prong Claim Fails Because Plaintiff Has Not Shown That Lamps Plus Violated Another Law.......................................23

XVIII. Conclusion .....................................................................................24

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**TABLE OF AUTHORITIES**

Page

Cases

*Am. Exp. Co. v. Italian Colors Rest.*,
   133 S. Ct. 2304 (2013) ..................................................................3

*Asfaw v. Lowe's HIW*,
   2014 U.S. Dist. LEXIS 68657 (C.D. Cal. May 13, 2014) ...........3, 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ....................................................................22

*AT&T Mobility LLC v. Concepcion*,
   563 U.S. 333 (2011) ...................................................................3, 4

*AT&T Techs. v. Communs. Workers of Am.*,
   475 U.S. 643 (1986) .......................................................................7

*Bates v. UPS*,
   511 F.3d 974 (9th Cir. 2007) .......................................................21

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .....................................................................22

*Cabral v. Ralphs Grocery Co.*,
   51 Cal.4th 764 (2011) ..................................................................14

*Carafano v. Metrosplash, Inc.*,
   207 F. Supp. 2d 1055 (C.D. Cal. 2002) ........................................19

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) .................................................................23

*Chico v. Hilton Worldwide, Inc.*,
   2014 U.S. Dist. LEXIS 147752 (C.D. Cal. Oct. 7, 2014) ..........9, 10

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
   207 F.3d 1126 (9th Cir. 2000) ........................................................4

*Chowning v. Kohl's Dep't Stores, Inc.*,
   2016 U.S. Dist. LEXIS 37261 (C.D. Cal. Mar. 15, 2016) .......20, 21

*Circuit City Stores v. Adams*,
   279 F.3d 889 (9th Cir. 2002) ..........................................................4

*Claridge v. RockYou, Inc.*,
   785 F. Supp. 2d 855 (N.D. Cal. 2011) ..........................................15

*Comedy Club, Inc. v. Improv W. Assocs.*,
   553 F.3d 1277 (9th Cir. 2009) ........................................................4

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Corona v. Sony Pictures Entm't, Inc.*,
   2015 U.S. Dist. LEXIS 85865 (C.D. Cal. June 15, 2015) ................15, 16, 17

*Desaigoudar v. Meyercord*,
   223 F.3d 1020 (9th Cir. 2000)..................................................................23

*Drum v. San Fernando Valley Bar Assn.*,
   182 Cal. App. 4th 247 (2010).......................................................21, 22, 23

*Durell v. Sharp Healthcare*,
   183 Cal. App. 4th 1350 (2010)..................................................................22

*EEOC v. Waffle House, Inc.*,
   534 U.S. 279 (2002) ...................................................................................3

*Folgelstrom v. Lamps Plus, Inc.*,
   195 Cal. App. 4th 986 (2011).....................................................................18

*Hill v. Nat'l Collegiate Athletic Assn.*,
   7 Cal. 4th 1 (1994).....................................................................................18

*Hopkins & Carley, ALC v. Thomson Elite*,
   2011 U.S. Dist. LEXIS 38396 (N.D. Cal. Apr. 6, 2011) .............................11

*Howsam v. Dean Witter Reynolds*,
   537 U.S. 79 (2002) ......................................................................................2

*In re Anthem Data Breach Litig.*,
   2016 U.S. Dist. LEXIS 18135 (N.D. Cal. Feb. 14, 2016)............................14

*In re iPhone Application Litig.*,
   844 F. Supp. 2d 1040 (N.D. Cal. 2012) ...........................................17, 18, 19

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
   996 F. Supp. 2d 942 (S.D. Cal. 2014) ........................................................19

*Jimenez v. Sup. Ct.*,
   29 Cal. 4th 473 (2002)...............................................................................12

*Kalitta Air, L.L.C. v. Central Texas Airborne Systems, Inc.*,
   315 F. App'x 603 (9th Cir. 2008).................................................................12

*Kane v. Hartford Accident & Indem. Co.*,
   98 Cal. App. 3d 350 (1979)........................................................................13

*Kilgore v. KeyBank, N.A.*,
   718 F.3d 1052 (9th Cir. 2013).......................................................................5

*Kinecta Alt. Fin. Sols., Inc. v. Superior Court*,
   205 Cal. App. 4th 506 (2012)......................................................................10

*Kinsey v. Macur*,
   107 Cal. App. 3d 265 (1980).......................................................................18

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-6811-4226.6

iv

5:16-cv-00577-DMG

LAMPS PLUS'S MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND, ALTERNATIVELY, MOTION TO DISMISS

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003)...................................................................................20

*KPMG LLP v. Cocchi*,
   132 S. Ct. 23 (2011) ........................................................................................4

*Levitt v. Yelp! Inc.*,
   765 F.3d 1123 (9th Cir. 2014)........................................................................23

*Loewen v. Lyft, Inc.*,
   129 F. Supp. 3d 945 (N.D. Cal. 2015) ...........................................................11

*Lopez v. Ace Cash Express, Inc.*,
   2012 U.S. Dist. LEXIS 70051 (C.D. Cal. May 4, 2012) ...........................9, 10

*Low v. LinkedIn Corp.*,
   900 F. Supp. 2d 1010 (N.D. Cal. 2012) ............................................17, 18, 19

*Martinez v. Leslie's Poolmart, Inc.*,
   2014 U.S. Dist. LEXIS 156218 (C.D. Cal. Nov. 3, 2014).........................9, 10

*Miguel v. JPMorgan Chase Bank, N.A.*,
   2013 U.S. Dist. LEXIS 16865 (C.D. Cal. Feb. 5, 2013)...................................5

*Molina v. City of Visalia*,
   2014 U.S. Dist. LEXIS 46448 (E.D. Cal. Apr. 1, 2014)................................13

*Mortensen v. Bresnan Commc'ns, LLC*,
   722 F.3d 1151 (9th Cir. 2013).........................................................................4

*Mundi v. Union Sec. Life Ins. Co.*,
   555 F.3d 1042 (9th Cir. 2009).........................................................................7

*N. Am. Chem. Co. v. Sup. Ct.*,
   59 Cal. App. 4th 764 (1997)..........................................................................12

*Northstar Fin. Advisors, Inc. v. Schwab Invs.*,
   779 F.3d 1036 (9th Cir. 2015).......................................................................15

*Paz v. State of Cal.*,
   22 Cal. 4th 550 (2000)...................................................................................12

*Phillips v. TLC Plumbing, Inc.*,
   172 Cal. App. 4th 1133 (2009)......................................................................13

*Rosas v. Macy's, Inc.*,
   2012 U.S. Dist. LEXIS 121400 (C.D. Cal. Aug. 24, 2012)..............................4

*Ruiz v. Gap, Inc.*,
   540 F. Supp. 2d 1121 (N.D. Cal. 2008) ..................................................18, 19

*Sanchez v. Valencia Holding Co., LLC*,
   61 Cal. 4th 899 (2015)................................................................................5, 6

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-6811-4226.6       v       5:16-cv-00577-DMG

LAMPS PLUS'S MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND, ALTERNATIVELY, MOTION TO DISMISS

*Seely v. White Motor Co.*,
    63 Cal. 2d 9 (1965)......................................................................................12

*Shulman v. Group W Prods., Inc.*,
    18 Cal. 4th 200 (1998)................................................................................18

*Sparling v. Hoffman Constr. Co.*,
    864 F.2d 635 (9th Cir.1988)......................................................................11

*Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*,
    559 U.S. 662 (2010).................................................................................2, 8

*Storm v. Paytime, Inc.*,
    90 F. Supp. 3d 359 (M.D. Pa. 2015) ..........................................................1

*Taus v. Loftus*,
    40 Cal. 4th 683 (2007)..........................................................................18, 19

*Vega v. Ocwen Fin. Corp.*,
    2015 U.S. Dist. LEXIS 37079 (C.D. Cal. Mar. 24, 2015) ............................23

*White v. SSA*,
    111 F. Supp. 3d 1041 (N.D. Cal. 2015) ................................................18, 19

*Witter Reynolds, Inc. v. Byrd*,
    470 U.S. 213 (1985) ....................................................................................4

Statutes

9 U.S.C. § 2 ............................................................................................................3

9 U.S.C. § 3 ..........................................................................................................11

9 U.S.C. § 4 ............................................................................................................3

California Bus. & Prof. Code § 17200 ....................................................................3

California Civil Code,
    § 1550 ..........................................................................................................4
    § 1798.80 ....................................................................................................17
    § 1798.81.5 ...................................................................................................3
    § 1798.82 ......................................................................................................3

Fair Credit Reporting Act, 15 U.S.C. § 1681 ...........................................3, 19, 20

Fair Credit Reporting Act, 15 U.S.C. § 1681a .....................................................20

Federal Rules of Civil Procedure
    Rule 9..........................................................................................................23
    Rule 12........................................................................................................11

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-6811-4226.6
vi
5:16-cv-00577-DMG

LAMPS PLUS'S MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND, ALTERNATIVELY, MOTION TO DISMISS

Other Authorities

*Consumer Alert Warning California Businesses to be Aware of Phishing Scams
   Targeting the Workplace*, Cal. Dep't of Justice (Mar. 18, 2016),
   https://oag.ca.gov/news/press-releases/attorney-general-kamala-d-harris-
   issues-consumer-alert-warning-california ..................................................... 14

*IRS Alerts Payroll and HR Professionals to Phishing Scheme Involving W-2s*, IRS
   (Mar. 1, 2016) https://www.irs.gov/uac/newsroom/irs-alerts-payroll-and-hr-
   professionals-to-phishing-scheme-involving-w2s ......................................... 14

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## I.   INTRODUCTION

"There are two types of companies left in the United States … 'those that have been hacked and those that don't know they've been hacked."[1]  In spring 2016, Lamps Plus regrettably became acutely aware of this fact when it fell victim to a sophisticated criminal phishing attack. The hackers impersonated a high-level Lamps Plus employee by sending a fake email to an actual Lamps Plus employee and requested all of Lamps Plus's 2015 W-2 employee tax forms.  The actual Lamps Plus employee—thinking she was responding to her bosses' legitimate request— sent the W-2s to the hackers.

Plaintiff Frank Varela, a current employee whose information was obtained by hackers, seeks to capitalize on this criminal incident in this lawsuit against his victimized employer.  But plaintiff has breached his arbitration contract with Lamps Plus by filing this suit.  Plaintiff agreed to arbitrate all his disputes with Lamps Plus on an individual basis as a condition of his employment when he voluntarily signed Lamps Plus's Arbitration Agreement on April 9, 2007.  Declaration of Lamps Plus HR Director Lucenda Jo Beeson ("Beeson Dec.") ¶ 4, Ex. 1.   The arbitration provision in this Agreement states that plaintiff waives his right to "file a lawsuit . . . relating to [his] employment with [Lamps Plus]."   Plaintiff further agreed to arbitrate "all claims or controversies" he may have against Lamps Plus.  *Id.*  Mr. Varela's Arbitration Agreement contains conspicuous language explaining that he has carefully read the Agreement and that he enters the Agreement voluntarily.  *Id.* The Agreement indisputably is valid and squarely encompasses this dispute.

All of the language in the Agreement indicates that the parties entered into a *bilateral agreement* to arbitrate—by repeatedly using language like "I" and "my" — and not an agreement for class action, group, or any type of multi-party arbitration.

---

[1] *Storm v. Paytime, Inc.*, 90 F. Supp. 3d 359, 360 (M.D. Pa. 2015) (citations omitted).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

There is absolutely no "contractual basis" in the parties' Agreement for the Court to find that the parties intended to arbitrate on a class-wide basis, as required by Supreme Court precedent. *See Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010). Because the question of whether the parties have submitted a dispute to arbitration is generally an issue for judicial determination, *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 83 (2002), the Court should order that this case be arbitrated on an individual, non-class basis, consistent with the parties' agreement for an inexpensive, quick, and confidential claims-resolution process exactly for sensitive issues like those raised in this case. Plaintiff can seek the exact same remedies in arbitration as he seeks here.

Although the arbitration provision is dispositive here, should the Court conclude that this case must proceed in court, the Complaint fails to state a viable claim. For this reason, Lamps Plus, *in the* alternative, seeks dismissal of this suit because plaintiff has not pled a single viable claim.

## II. PLAINTIFF AGREED TO ARBITRATE "ANY AND ALL DISPUTES" WITH LAMPS PLUS AND TO NOT FILE SUIT.

Plaintiff began working at Lamps Plus on or around April 9, 2007. Beeson Dec. ¶ 4. As a condition of employment, plaintiff voluntarily agreed to be bound by a standalone Arbitration Agreement that states in part:

> [T]he parties agree that **any and all disputes**, claims or controversies arising out of or relating to this Agreement, the employment relationship between the parties, or the termination of the employment relationship, that are not resolved by their mutual agreement shall be resolved by final and binding **arbitration** as the **exclusive remedy**.

> I understand that by entering into this Agreement, **I am waiving any right I may have to file a lawsuit** or other civil action or proceeding relating to my employment with the Company . . .

*Id.* ¶¶ 4, 7, Ex. 1 (emphasis added). Although employees have the option of revoking this Agreement up to three days after signing it, plaintiff signed the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-6811-4226.6
2
5:16-cv-00577-DMG
LAMPS PLUS'S MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND, ALTERNATIVELY, MOTION TO DISMISS

1   Arbitration Agreement, but did not revoke it.  *Id.* ¶¶ 4, 8, 9.

2       Plaintiff filed this suit based on the criminal phishing attack targeting the W-2

3   employee tax forms for all 2015 Lamps Plus employees.  Comp. ¶ 4.  Plaintiff

4   asserts six claims based on this employment-related issue: (1) common-law

5   negligence; (2) breach of implied contract; (3) violation of California Consumer

6   Records Act (Cal. Civ. Code, §§ 1798.81.5, 1798.82) ("CRA"); (4) violation of

7   California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.)

8   ("UCL"); (5) common-law invasion of privacy; (6) negligent violation of the Fair

9   Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

10   **III.   UNDER THE FAA, THE COURT MUST ENFORCE THE PARTIES' ARBITRATION**

11   **AGREEMENT ACCORDING TO ITS TERMS.**

12       The Federal Arbitration Act ("FAA") applies[2] and grants this Court the power

13   to compel arbitration, where, as here, a party to an arbitration agreement refuses to

14   abide by its terms.  9 U.S.C. § 4; *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289

15   (2002).  The FAA makes agreements to arbitrate "valid, irrevocable, and

16   enforceable, save upon such grounds as exist at law or in equity for the revocation of

17   any contract." 9 U.S.C. § 2.  Its "principal purpose ... is to ensure that private

18   arbitration agreements are enforced according to their terms."  *AT&T Mobility LLC*

19   *v. Concepcion*, 563 U.S. 333, 344 (2011); *see also Am. Exp. Co. v. Italian Colors*

20   *Rest.*, 133 S. Ct. 2304, 2309 (2013) ("[C]ourts must 'rigorously enforce' arbitration

21   agreements according to their terms.").

22       Court's must "give *preference* (instead of mere equality) *to arbitration*

23

---

24       [2] The FAA applies to a "written provision in any… contract evidencing a
transaction involving commerce."  9 U.S.C. § 2.  An employment contract is

25   considered a "contract evidencing a transaction involving commerce" and is covered

26   by the FAA.  *Asfaw v. Lowe's HIW*, 2014 U.S. Dist. LEXIS 68657, at *5-6 (C.D.
Cal. May 13, 2014). The parties agreed in the Arbitration Agreement that the FAA

27   shall apply to any arbitration matters between the parties.  Beeson Dec. ¶ 7, Ex. 1.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*provisions.*"  *Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1160 (9th Cir. 2013) (emphasis added).  This is because the FAA reflects an "emphatic federal policy *in favor of* arbitral dispute resolution." *KPMG LLP v. Cocchi*, 132 S. Ct. 23, 25 (2011) (per curiam).  This means that "where the contract contains an arbitration clause, there is a presumption of arbitrability."  *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009) (internal quotation marks omitted).

The Court must compel arbitration if (1) a valid agreement to arbitrate exists, and (2) the dispute falls within the scope of that agreement.  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  As explained below, both these questions must be answered in the affirmative.  Because both requirements for arbitration exist here, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration."  *Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original).

## IV.   THE ARBITRATION AGREEMENT IS A VALID AND ENFORCEABLE CONTRACT.

It is a "fundamental principle that arbitration is a matter of contract." *Concepcion*, 563 U.S. at 339.  In determining the validity of an arbitration agreement, courts "should apply ordinary state-law principles that govern the formation of contracts."  *Circuit City Stores v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002).  Agreements to arbitrate may only be invalidated by "*generally applicable* contract defenses, such as fraud, duress, or unconscionability.  *Concepcion*, 563 U.S. at 339 (emphasis added).

Here, the parties' Arbitration Agreement easily meets all the requirements  of a valid contract, which are (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) sufficient consideration.  *Rosas v. Macy's, Inc.*, 2012 U.S. Dist. LEXIS 121400, at *11 (C.D. Cal. Aug. 24, 2012); Cal. Civ. Code § 1550. There is sufficient consideration if both parties, like here, agree to arbitrate their claims against each other.  *See Asfaw*, 2014 U.S. Dist. LEXIS 68657, at *7 (there is

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-6811-4226.6                                                    4                                          5:16-cv-00577-DMG
LAMPS PLUS'S MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND, ALTERNATIVELY, MOTION TO DISMISS

valid consideration if, in exchange for agreeing to arbitrate disputes, the employee either accepts employer's employment offer or continues working for employer).

Consent is easily shown too. The Arbitration Agreement that both parties signed provides that "*[Lamps Plus] and I mutually consent* to the resolution by arbitration of all claims or controversies … that I may have against [Lamps Plus] …. or that [Lamps Plus] may have against me." Beeson Dec. ¶ 7, Ex. 1 (emphasis added). Both employer and employee agreed to use arbitration as the exclusive claims-resolution process. As such, the parties are bound by this valid, bilateral contract.

**A.      The Agreement Is Neither Unconscionable nor Unenforceable.**

While *generally-applicable* contract defenses such as unconscionability can in some narrow situations invalidate arbitration agreements like any other contract, *Kilgore v. KeyBank, N.A.*, 718 F.3d 1052, 1058 (9th Cir. 2013), no such defense can be used here. To prove unconscionability, the plaintiff must show that the Arbitration Agreement is *both* procedurally and substantively unconscionable. *Id.* The procedural aspect of unconscionability focuses on oppression or surprise, whereas the substantive aspect focuses on "overly harsh" terms, "unduly oppressive" terms, or terms so one-sided that "shock the conscience." *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 910 (2015). An evaluation of unconscionability is dependent on context, so a court must determine whether the terms of the agreement are sufficiently unfair given the circumstances that it should withhold enforcement. *Id.* at 911-12. All of these formulations require a high degree of unfairness, well beyond "a simple old-fashioned bad bargain." *Id.* at 911.

*No Procedural Unconscionability.* An arbitration agreement cannot be rendered unenforceable just because it is required as a condition of employment or offered on a "take it or leave it" basis. *Miguel v. JPMorgan Chase Bank, N.A.*, 2013 U.S. Dist. LEXIS 16865, at *10 (C.D. Cal. Feb. 5, 2013) (citing *Lagatree v. Luce, Forward, Hamilton & Scripps LLP*, 74 Cal. App. 4th 1105, 1127 (1999)). Lamps

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-6811-4226.6                                          5                                   5:16-cv-00577-DMG
LAMPS PLUS'S MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND, ALTERNATIVELY, MOTION TO DISMISS

Plus also had "no obligation to highlight the arbitration clause of its contract, nor [is] it required to specifically call that clause to [the plaintiff's] attention." *Sanchez*, 61 Cal. 4th at 914.

Despite not being required to highlight the Arbitration Agreement, Lamps Plus did so. First, the Arbitration Agreement is a standalone agreement. The final section of the Agreement—titled "Voluntary Agreement" which is located immediately above the signature block—provides as follows:

> I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, THAT I UNDERSTAND ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANY AND ME RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT, AND THAT **I HAVE ENTERED INTO THE AGREEMENT VOLUNTARILY** AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF. I UNDERSTAND THAT **I HAVE THREE (3) DAYS FOLLOWING THE SIGNING OF THIS AGREEMENT TO REVOKE THIS AGREEMENT** AND THAT THIS AGREEMENT SHALL NOT BECOME EFFECTIVE OR ENFORCEABLE UNTIL THE REVOCATION PERIOD HAS EXPIRED.
>
> **I ACKNOWLEDGE THAT I HAVE BEEN ADVISED TO CONSULT WITH LEGAL COUNSEL BEFORE SIGNING THIS AGREEMENT.** I UNDERSTAND THAT BY SIGNING THIS AGREEMENT I AM GIVING UP MY RIGHT TO FILE A LAWSUIT IN A COURT OF LAW AND TO HAVE MY CASE HEARD BY A JUDGE AND/OR JURY.

Beeson Dec. ¶ 7, Ex. 1 (emphasis added). There was no oppression or surprise with the Agreement plaintiff signed. Plaintiff was advised to consult with legal counsel *before* signing the agreement and was given three days to revoke the agreement *after* signing it. *Id.* The contractual nature of the Agreement is obvious, and plaintiff knowingly assented to it. There is not hint of procedural unconscionability here.

*No Substantive Unconscionability.* The Agreement is bilateral, giving both parties the same rights and treating the parties equally. Importantly, in a section marked "Arbitration Fees and Costs," Lamps Plus agreed it would "pay all fees associated with the arbitration that are unique to arbitration including the costs of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-6811-4226.6                                                   6                                        5:16-cv-00577-DMG
LAMPS PLUS'S MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND, ALTERNATIVELY, MOTION TO DISMISS

the arbitrator." *Id.*  Plaintiff will not have to pay any costs he would not otherwise be required to bear "had the matter been filed in court." *Id.*  There is nothing unfair about the Agreement, let alone anything so one-sided as to shock the conscience.

## V. THE AGREEMENT TO ARBITRATE "ALL CLAIMS" SQUARELY COVERS PLAINTIFF'S CLAIMS IN THIS LAWSUIT.

Courts must "giv[e] due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1044 (9th Cir. 2009).  Where, as here, a valid arbitration agreement exists, there is a presumption in favor of arbitration. *Abeyrama v. J.P. Morgan Chase Bank*, 2012 U.S. Dist. LEXIS 87847, at *4 (C.D. Cal. June 22, 2012) (citing *AT&T Techs. v. Communs. Workers of Am.*, 475 U.S. 643, 650 (1986)).

Here, the Arbitration Agreement encompasses "***all claims or controversies*** … that [Plaintiff] may have against [Lamps Plus]."  Beeson Dec. ¶ 7, Ex. 1 (emphasis added). The Agreement also includes "all claims that may hereafter arise **in connection with [Plaintiff's] employment** …."  *Id.*  Because all of plaintiff's claims are against Lamps Plus, the plain terms of the Agreement require plaintiff to arbitrate them.

Even if the Agreement was limited to employment-related disputes, all of plaintiff's claims arise solely because plaintiff is a Lamps Plus employee.  Plaintiff has sued because his W-2 income and tax withholding statement was compromised along with those of other Lamps Plus employees.  Comp. ¶¶ 4-5.  The putative class is defined as all 2015 employees.  *Id.* ¶ 50.  Plaintiff's claims related to the stolen W-2s only exist because he is an employee that receives W-2 statements from Lamps Plus.  Plaintiff's employment with Lamps Plus is the but-for cause of his purported injury.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-6811-4226.6                                    7                        5:16-cv-00577-DMG
LAMPS PLUS'S MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND, ALTERNATIVELY, MOTION TO DISMISS

## VI.  ARBITRATION SHOULD BE LIMITED TO PLAINTIFF'S INDIVIDUAL CLAIMS.

The Court should compel arbitration on an individual basis because the Arbitration Agreement is *silent* regarding the availability of classwide arbitration. *See* Beeson Dec. ¶ 7, Ex. 1.  The Agreement, including the accompanying Attachment A, uses only singular words such as "I," "me," and "my" to describe Mr. Varela and Lamps Plus.  *Id.*  These words are collectively repeated 30 plus times throughout the Agreement, while words such as "class" or "group" are nowhere to be found.  *Id.*  Nor is there any mention of other employees in the Agreement.  *Id.*  Based on the language of the Agreement, there is no contractual or other basis to conclude that the parties intended to arbitrate on a class-wide basis. Rather, the constant repetition of the singular words indicates the parties intended to arbitrate bilaterally.

*Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010) is dispositive on this issue.  The Supreme Court held that a party may not be compelled "to submit to class arbitration unless there is a ***contractual basis*** for concluding that the party agreed to do so."  *Id.* at 684 (emphasis added).  The parties in *Stolt-Neilsen* stipulated that the arbitration clause in their agreement was silent with respect to class arbitration.  *Id.* at 668-69.  The Court made it clear the parties' intent should be the principal focus when a court is determining whether to compel arbitration on an individual or class-wide basis. *Id.* at 668-69, 684.  The Court reasoned that just because the parties agreed to arbitrate does not allow an inference that the parties authorized class-wide arbitration.  *Id.* at 685.  Class-wide arbitration "changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator." *Id.*  In bilateral arbitration, parties sacrifice the procedural rigor and appellate review of the court system to reap the benefits of private dispute resolution like lower costs. *Id.*  But "the relative benefits of class-action arbitration are much less assured, giving reason to doubt the parties' mutual consent to resolve disputes through

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   classwide arbitration." *Id.* at 685-86.  Indeed, the differences between bilateral and
2   class-wide arbitration are too great to *presume* that the parties' silence on class
3   arbitration constitutes consent to resolve disputes on a class-wide basis.  *Id.* at 687.

4        Relying on *Stolt-Neilsen*, a virtually unbroken line of courts in this district
5   have found that a party cannot be compelled to arbitrate on a class-wide basis where
6   the arbitration agreement is silent on class-wide arbitration.  *See, e.g.,* Martinez *v.*
7   *Leslie's Poolmart, Inc.*, 2014 U.S. Dist. LEXIS 156218 (C.D. Cal. Nov. 3, 2014);
8   *Chico v. Hilton Worldwide, Inc.*, 2014 U.S. Dist. LEXIS 147752 (C.D. Cal. Oct. 7,
9   2014); *Lopez v. Ace Cash Express, Inc.*, 2012 U.S. Dist. LEXIS 70051 (C.D. Cal.
10  May 4, 2012).

11       In *Martinez*, relying on *Stolt-Neilsen*, the court held that the defendant may
12  not be compelled to arbitrate plaintiff's claims on a class-wide basis and that
13  plaintiff's class claims must proceed to arbitration on an individual basis.  *Martinez*,
14  2014 U.S. Dist. LEXIS 156218 at *12.  The plaintiff in *Martinez* argued the
15  arbitration agreement was not silent with regard to class arbitration.  *Id.* at 10.
16  Plaintiff argued that the agreement contemplates arbitration of class claims "because
17  it expressly permits the American Arbitration Association ('AAA') or Judicial
18  Arbitration & Mediation Services ('JAMS') to conduct the arbitration – and both
19  AAA and JAMS have adopted rules and procedures for arbitrating class claims." *Id.*
20  Plaintiff argued that as the drafter of the arbitration agreement, the defendant could
21  have expressly excluded class arbitration had it desired to do so.  *Id.*  The *Martinez*
22  court disagreed, holding that the agreement was silent regarding class arbitration
23  even though the parties had not stipulated to the silence as in *Stolt-Neilsen*.  *Id.* at
24  *10-11.  The court reasoned that just because the agreement refers to JAMS and
25  AAA does not mean the agreement contemplates class arbitration.  *Id.* at *11.  "By
26  this logic, the parties' arbitration agreement also contemplates arbitration of disputes
27  related to real estate, wills and trusts, and myriad other situations for which AAA
28  and JAMS have adopted rules governing arbitration proceedings." *Id.*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-6811-4226.6                                   9                          5:16-cv-00577-DMG
LAMPS PLUS'S MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND, ALTERNATIVELY, MOTION TO DISMISS

The court further reasoned that the plain language of the agreement "appears to contemplate bilateral arbitration" because it refers to plaintiff exclusively in terms of "I," "me," and "my" without any reference to employee groups or other employees of the defendant. *Id.* at *11-12. The court held that—in the absence of language permitting class arbitration, and the presence of language indicating that the parties intended bilateral arbitration—the court cannot infer that the parties intended to arbitrate class claims. *Id.* at *12.

In *Chico*, the court held there was no contractual basis for concluding the parties agreed to class-wide arbitration. *Chico*, 2014 U.S. Dist. LEXIS 147752, at *31. The court reasoned that the arbitration agreements repeatedly referred to the plaintiff "in the singular and [made] no reference to employee groups, putative class members, other employees, or other employees' claims or disputes," and thus the arbitration agreements did not authorize class arbitration. *Id.* Plaintiff was compelled to individually arbitrate his claims.

The California Court of Appeal came to the same conclusion. *Kinecta Alt. Fin. Sols., Inc. v. Superior Court*, 205 Cal. App. 4th 506 (2012). In *Kinecta*, the arbitration agreement between an employer and employee limited arbitration to the two parties and made no reference to class arbitration of disputes. *Id.* at 510. The court held the parties did not authorize class arbitration in their arbitration agreement. *Id.*

Here, as in *Martinez*, *Chico*, *Lopez*, and *Kinecta*, the Agreement is silent as to any class arbitration, so there is no basis to infer that the parties agreed to class-wide arbitration. Beeson Dec. ¶ 7, Ex. 1. The Agreement contains only singular words such as "I," "me," and "my," without a single mention of a class or any other employee. *Id.* This singular language indicates the parties intended and anticipated only bilateral arbitration between Mr. Varela and Lamps Plus, and not class-wide arbitration. *See Martinez*, 2014 U.S. Dist. LEXIS 156218, at *11-12.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**VII.   THE COURT SHOULD DISMISS THE CASE SO THE PARTIES CAN ARBITRATE.**

Because arbitration should be compelled for this entire action, the Court has the discretion to stay the case under 9 U.S.C. § 3 or dismiss the litigation entirely. See *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir.1988); *see also Hopkins & Carley, ALC v. Thomson Elite*, 2011 U.S. Dist. LEXIS 38396, at *28 (N.D. Cal. Apr. 6, 2011) ("Where an arbitration clause is broad enough to cover all of a plaintiff's claims, the court may compel arbitration and dismiss the action."). There is no compelling reason to keep this case on the Court's docket and thus the case should be dismissed. *See, e.g., Loewen v. Lyft, Inc.*, 129 F. Supp. 3d 945, 966 (N.D. Cal. 2015) (same result).

**VIII.   THE COURT SHOULD ORDER THAT A JAMS ARBITRATOR BE USED.**

Attachment A provides that "[t]the arbitration will be conducted by the Judicial Arbitration & mediation Services, Inc. ('J.A.M.S.')."  Beeson Dec. ¶ 7, Ex. 1.  JAMS thus must be chosen.  *Id.*  It is true that in the Arbitration Agreement, a party commencing arbitration can "fil[e] a written demand for arbitration with" either JAMS or AAA.  *Id.*  This election of arbitrators is offered to a party that "initiates arbitration."  *Id.*  Here, as the party initiating arbitration, Lamps Plus elects to use JAMS.

**IX.   *IN THE ALTERNATIVE ONLY*, IF ARBITRATION IS DENIED, PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6).**

An order granting Lamps Plus's motion to compel arbitration would obviate the need for this Court to decide Lamps Plus's Fed. R. Civ. P. 12(b)(6) motion to dismiss.  In that instance, Lamps Plus agrees that the remainder of this motion is mooted and Lamps Plus should raise any pleading defects in arbitration.  Although Lamps Plus is steadfast and confident in its view that plaintiff's claims should be arbitrated, it makes this motion to dismiss *solely in the alternative* for efficiency, completeness, and in an overabundance of caution in the event its motion to compel arbitration is denied.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-6811-4226.6

11

5:16-cv-00577-DMG

LAMPS PLUS'S MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND, ALTERNATIVELY, MOTION TO DISMISS

## X.   PLAINTIFF'S NEGLIGENCE CLAIM FAILS FOR NUMEROUS REASONS.

Plaintiff's negligence claim seeking relief for purely economic harm fails because (1) it is barred by the economic loss doctrine, and (2) plaintiff fails to allege facts that support several key elements for a negligence claim, which requires (a) the existence of a legal duty; (b) breach of that duty; (c) causation; and (d) a cognizable injury.  *Paz v. State of Cal.*, 22 Cal. 4th 550, 559 (2000).

### A.   The Economic Loss Doctrine Bars the Negligence Claim.

Plaintiff's claim for negligence is barred by the economic loss rule, which has been a well-established tenet of California jurisprudence for nearly 50 years.  Since the California Supreme Court's landmark decision in *Seely v. White Motor Co.*, 63 Cal. 2d 9 (1965), a virtually unbroken line of California courts have repeatedly recognized that a plaintiff, like Valera, cannot recover for purely economic harm under a negligence theory.  *See, e.g.*, *Jimenez v. Sup. Ct.*, 29 Cal. 4th 473, 482 (2002); *N. Am. Chem. Co. v. Sup. Ct.*, 59 Cal. App. 4th 764, 777 (1997).  Indeed, as the Ninth Circuit has recognized, "in the absence of (1) personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the parties, or (4) some other common law exception to the rule, recovery of purely economic loss is foreclosed" under a negligence theory.  *Kalitta Air, L.L.C. v. Central Texas Airborne Systems, Inc.,* 315 F. App'x 603, 605 (9th Cir. 2008).

Plaintiff's negligence claim here is based purely on claims of economic injury—he experienced an economic loss because he purchased credit monitoring service even though Lamps Plus offered this same service for free.  Comp. ¶¶ 4, 12.  Plaintiff has not (and cannot) assert personal injuries or physical damage to any property.  Plaintiff also has not alleged facts to trigger a "special relationship" or some other common law exception.  As such, his negligence claim is barred by the economic loss rule and must be dismissed.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

### B.   Plaintiff Fails to Allege Any Facts Showing that Lamps Plus Negligently Supervised Its Employee Who Sent the Email.

Plaintiff generically alleges the conclusion that Lamps Plus "breaches its duties ….to adequately protect and safeguard this information by knowingly disregarding standard principles relating to securing of PII." Comp. ¶ 53. Plaintiff further claims that Lamps Plus "negligently failed to provide adequate *supervision and oversight* of the PII . . . ." *Id.* (emphasis added).  Neither of these assertions are supported by *facts*.

Plaintiff appears to be asserting a claim for negligent "supervision" of its employees. *Id.* But negligence liability will only be imposed upon an employer that "knew or should have known" that the particular supervision decision or training practice "created a particular risk or hazard." *Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133, 1139 (2009).  Plaintiff has not set forth specific facts sufficient to plausibly suggest that Lamps Plus had any reason to know their supervision decisions on HR employees *created a risk of harm*.  He also does not allege facts that show Lamps Plus "knew or should have known" that it would be targeted with a phishing attack.   Other courts have found similar bare assertions of negligent supervision are not enough..[3]   The compliant is devoid of facts showing negligent "supervision" in the context of a criminal act.

### C.   Plaintiff Fails to Allege That Lamps Plus Had a Legal Duty.

"The threshold determination that a duty is owed the plaintiff is a question of law within the exclusive province of the court."   *Kane v. Hartford Accident & Indem. Co.*, 98 Cal. App. 3d 350, 355 (1979).  "The general rule in California is ... each person has a duty to use ordinary care and is liable for injuries caused by his

---

[3] *E.g., Molina v. City of Visalia*, 2014 U.S. Dist. LEXIS 46448, at *3 (E.D. Cal. Apr. 1, 2014) ("Plaintiffs have not set forth specific facts sufficient to suggest plausibly that Defendant Mestas or the City had any reason to know that their training practices or supervision decisions created a risk of harm.").

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-6811-4226.6                                              13                                    5:16-cv-00577-DMG
LAMPS PLUS'S MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND, ALTERNATIVELY, MOTION TO DISMISS

1  failure to exercise reasonable care in the circumstances[.]"  *Cabral v. Ralphs*

2  *Grocery Co.*, 51 Cal.4th 764, 771 (2011).  Here, plaintiff alleges no facts showing

3  that Lamps Plus has a legal duty to prevent its employees from being tricked by

4  sophisticated criminals where, as here, this has never happened to Lamps Plus

5  before.  The Lamps Plus employee thought she was responding to a legitimate email

6  from her superior.  Plaintiff only offers generic conclusions to explain how Lamps

7  Plus failed to "exercise reasonable care in the circumstances."

8        Further, plaintiff has not pled facts to show Lamps Plus was put on notice of

9  possible phishing attacks.  Indeed,  the California Attorney General and IRS issued

10  warnings about these types of attacks only *after* Lamps Plus had been victimized.

11  *See* Comp. ¶ 4.[4]  The court's task in determining duty is to "evaluate more generally

12  whether the *category of negligent conduct at issue* is sufficiently likely to result in

13  the kind of harm experienced that liability may appropriately be imposed...."

14  *Cabral*, 51 Cal. 4th at 772.  Absent some sort of notice of this specific type of hack,

15  Lamps Plus could not reasonably foresee that hackers could mimic their email

16  accounts to advance a criminal enterprise.

17        California state courts have never found that a company has a legal duty of

18  care under negligence principles beyond the California statutes that regulate data

19  breaches.  The Court should not drastically expand the duty of care as plaintiff

20  seeks.[5]  Plaintiff's efforts to expand liability to a company whenever one of its

21

---

22      [4] *See also Consumer Alert Warning California Businesses to be Aware of Phishing Scams Targeting the Workplace*, Cal. Dep't of Justice (Mar. 18, 2016),

23  https://oag.ca.gov/news/press-releases/attorney-general-kamala-d-harris-issues-consumer-alert-warning-california; *IRS Alerts Payroll and HR Professionals to*

24  *Phishing Scheme Involving W-2s*, IRS (Mar. 1, 2016) https://www.irs.gov/uac/newsroom/irs-alerts-payroll-and-hr-professionals-to-

25  phishing-scheme-involving-w2s.

26      [5] *In re Anthem Data Breach Litig.*, 2016 U.S. Dist. LEXIS 18135, at *113-122 (N.D. Cal. Feb. 14, 2016) ("[w]ithout state authority to guide us, [w]hen given a

27  choice between an interpretation of [state] law which reasonably restricts liability, and one which greatly expands liability, we should—as a general matter—choose

28  the narrower and more reasonable path (at least until the [state] Supreme Court tells (footnote continued)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  employees is victimized by the criminal conduct of others finds no support in

2  California law.

3  **XI.  PLAINTIFF'S IMPLIED CONTRACT CLAIM SHOULD BE DISMISSED BECAUSE**

4  **THE PURPOSE OF ANY AGREEMENT BETWEEN PLAINTIFF AND LAMPS PLUS**

5  **WAS NOT FRUSTRATED.**

6  To the extent an implied contract exists between plaintiff and Lamps Plus, its

7  purpose was not frustrated by the Lamps Plus employee's unintentional actions.

8  Generally, an "implied-in-fact contract requires proof of the same elements

9  necessary to evidence an express contract: mutual assent or offer and acceptance,

10  consideration, legal capacity and lawful subject matter." *Corona v. Sony Pictures

11  Entm't, Inc.*, 2015 U.S. Dist. LEXIS 85865, at *14 (C.D. Cal. June 15, 2015)

12  (quoting *Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F.3d 1036, 1050-51 (9th

13  Cir. 2015)).  To successfully plead a breach of implied contract claim in California,

14  there must be proof of a conscious and deliberate act, which "unfairly frustrates the

15  agreed common purpose of the agreement." *Corona*, 2015 U.S. Dist. LEXIS 85865,

16  at *15 (citing *Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855, 865 (N.D. Cal.

17  2011)).

18  In *Corona*, plaintiffs claimed defendant Sony offered them employment in

19  exchange for compensation and other benefits, and in the hiring process required the

20  plaintiffs to provide their personal information (i.e. names, addresses, Social

21  Security number, and medical information). *Corona*, 2015 U.S. Dist. LEXIS 85865,

22  at *14-15.  Plaintiffs alleged that this created an implied agreement, which

23  defendant Sony breached by not having an adequate security system in place during

24  a cyber-attack. *Id.* at 1-2.  The court disagreed and granted defendant Sony's

25

26  ─────────────────

27  us differently).") (dismissing Indiana negligence claim in data breach case because
    Indiana law does not allow a tort claim against a database owner for failing to
    protect personal information) (citation omitted).

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-6811-4226.6                                    15                        5:16-cv-00577-DMG
LAMPS PLUS'S MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND, ALTERNATIVELY, MOTION TO DISMISS

motion to dismiss because plaintiffs did not plead any facts to indicate Sony's acts were "intended to frustrate the agreed common purpose of the agreement, i.e., employment in exchange for compensation and benefits." *Id.* at 16.  The court also noted that the purported class members included *former* employees of Sony, further weakening the claim of breach of an implied contract between plaintiffs and Sony. *See id.*

Here, plaintiff claims Lamps Plus "agreed to provide employees with a paycheck in exchange for their services."  Comp. ¶ 64.  To the extent this created an implied contract, plaintiff does not and cannot plead facts to indicate that a contract was breached.  Plaintiff claims Lamps Plus should have had in place appropriate security measures to protect his PII (Comp. ¶ 11), and concludes Lamps Plus "breached its implied agreement causing damages" by allegedly not having one. Comp. ¶ 66.  As in *Corona*, plaintiff has not pled facts to indicate Lamps Plus's acts were "intended to frustrate the agreed common purpose of the agreement, i.e., employment in exchange for compensation and benefits."  *Corona*, 2015 U.S. Dist. LEXIS 85865, at *16.  Plaintiff correctly denominates this incident as a "Data Breach" (Comp. ¶ 1) and agrees the PII was "stolen."  *See* Comp. ¶¶ 8, 15.  These terms do not identify a conscious or deliberate act by Lamps Plus to breach any agreement between the parties.  Additionally, the proposed Class includes former Lamps Plus employees (Comp. ¶ 1), which renders plaintiff's breach of implied warranty claim moot as to those members.  *See Corona*, 2015 U.S. Dist. LEXIS 85865, at *16.  For these reasons, plaintiff's breach of implied contract claim must be dismissed.

## XII.   PLAINTIFF'S CUSTOMER RECORDS ACT CLAIM FAILS BECAUSE HE IS NOT A "CUSTOMER."

California's CRA (Civ. Code. § 1798.80) regulates businesses with regard to treatment and notification procedures relating to their ***customers'*** personal information.  *Corona*, 2015 U.S. Dist. LEXIS 85865, at *16.  Because plaintiff is

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-6811-4226.6

16

5:16-cv-00577-DMG

LAMPS PLUS'S MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND, ALTERNATIVELY, MOTION TO DISMISS

not a Lamps Plus "customer," his CRA claim lacks merit.

*Corona* again provides useful guidance on this issue.  There, the court held that plaintiffs failed to state a CRA claim because they were not customers within the meaning of the statute; plaintiffs were defendant's former employees.  *Id.* at 1-2, 17-18.   The court rejected plaintiffs' argument that the CRA applies to all "California residents" and held that in context, "it is clear the statute intends to protect California residents in their role [as] customers."  *Id.* at 17.   CRA is an acronym for *Customer* Records Act; it is not all-encompassing to include employees of a business.  *See id.*   Indeed, the CRA defines the term "customer" as "an individual who provides personal information to a business for the purpose of *purchasing or leasing a product or obtaining a service from the business*."  Cal. Civ. Code § 1798.80(c) (emphasis added).   This clearly does not include plaintiff because he is a Lamps Plus employee and provided his information to Lamps Plus in that capacity and not for "purchasing or leasing a product" from Lamps Plus. Comp. ¶ 1; Cal. Civ. Code § 1798.80(c).

## XIII.  PLAINTIFF'S INVASION OF PRIVACY CLAIM FAILS BECAUSE THE ALLEGED INVASION WAS NOT "SERIOUS" AND WAS NOT "HIGHLY OFFENSIVE TO A REASONABLE PERSON."

Plaintiff's invasion of privacy claim, whether under the California Constitution or common law, fails because he has not pled facts that would indicate the alleged invasion was serious or highly offensive to a reasonable person.  To establish a right to privacy claim under the California Constitution, a plaintiff must demonstrate: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) conduct by the defendant constituting a serious invasion of privacy.  *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1024 (N.D. Cal. 2012); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (reciting these elements and dismissing plaintiffs' invasion of privacy claim with prejudice because defendant's disclosure to third parties of plaintiffs'

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

personal data from their electronic devices is not a "serious invasion" of a protected privacy interest); *Folgelstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 990-92, 125 Cal. Rptr. 3d 260, 264 (2011) (reciting these elements and concluding that disclosure of the plaintiff's home address without his knowledge or permission is not a serious invasion of privacy).  Indeed, actionable invasions of privacy "must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Folgelstrom*, 195 Cal. App 4th at 992 (quoting *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 37 (1994)).

A common law invasion of privacy tort claim requires a similar rigorous showing wherein a plaintiff must allege: (1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person. *Folgelstrom*, 195 Cal. App. 4th at 992 (citing *Shulman v. Group W Prods., Inc.*, 18 Cal. 4th 200, 231 (1998)); *Taus v. Loftus*, 40 Cal. 4th 683, 725 (2007).  As the California Supreme Court has noted, the intrusion into another's privacy must be intentional.  *Taus*, 40 Cal. 4th at 725.  Also, except in cases involving physical intrusion, the common law invasion of privacy tort "must be accompanied by publicity in the sense of communication to the public in general or to a large number of persons as distinguished from one individual or a few." *White v. SSA*, 111 F. Supp. 3d 1041, 1053-54 (N.D. Cal. 2015) (quoting *Kinsey v. Macur*, 107 Cal. App. 3d 265, 270 (1980)).  California District Courts have held that both the California Constitution and the common law set a high bar for an invasion of privacy claim, some even finding that negligent conduct that leads to the ***theft of highly personal information, including social security numbers***, is not actionable.  *In re iPhone Application Litig.*, 844 F. Supp. 2d at 1063; *Low v. LinkedIn Corp.*, 900 F. Supp. 2d at 1025; *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1128 (N.D. Cal. 2008).

Plaintiff's invasion of privacy claim does not withstand scrutiny under these standards.  Plaintiff has not pled any facts that would demonstrate how the alleged

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-6811-4226.6                                            18                              5:16-cv-00577-DMG
LAMPS PLUS'S MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND, ALTERNATIVELY, MOTION TO DISMISS

"Data Breach" of his PII is serious or highly offensive to a reasonable person. Certain information plaintiff claims was disclosed could be found in the public domain (i.e. name, address, and date of birth) and plaintiff therefore has no reasonable expectation of privacy as to that information, nor is it an intrusion into a private matter. *See Carafano v. Metrosplash, Inc.*, 207 F. Supp. 2d 1055, 1069 (C.D. Cal. 2002) (if the information reported has previously become part of the "public domain" or the intrusion into an individual's private life is only slight, a cause of action for invasion of privacy will not survive). Disclosure of plaintiff's Social Security number is likewise not actionable in light of recent case law. *In re iPhone Application Litig.*, 844 F. Supp. 2d at 1063; *Low*, 900 F. Supp. 2d at 1025; *Ruiz*, 540 F. Supp. 2d at 1128. Also, plaintiff does not claim the actions of the Lamps Plus employee were intentional. Comp. ¶ 15; *see Taus*, 40 Cal. 4th at 725. Plaintiff admits this much by asserting negligence as his first cause of action. Comp. ¶¶ 52, 53. Finally, plaintiff has not alleged his information was disseminated "to the public in general or to a large number of persons." *White*, 111 F. Supp. 3d at 1053-54. Plaintiff's invasion of privacy claim should be dismissed.

## XIV. PLAINTIFF'S FAIR CREDIT REPORTING ACT CLAIM FAILS BECAUSE LAMPS PLUS IS NOT A CONSUMER REPORTING AGENCY.

Congress enacted the FCRA (15 U.S.C. § 1681) in 1970 to regulate *consumer reporting agencies* that "accumulate consumer credit histories and regularly make that information available to third parties via 'consumer reports.'" *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 1011 (S.D. Cal. 2014). The FCRA claims cannot stand because Lamps Plus is not a consumer reporting agency.

In *In re Sony Gaming Networks*, plaintiffs asserted two causes of action against Sony under the FCRA – one for willful violation of the FCRA and one for negligent violation of the FCRA. *Id.* at 1010. Sony moved to dismiss both claims on the basis that it was not a consumer reporting agency as that term is defined in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-6811-4226.6                                19                         5:16-cv-00577-DMG

LAMPS PLUS'S MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND, ALTERNATIVELY, MOTION TO DISMISS

§ 1681a(f)[6] and that plaintiffs failed to allege a plausible basis for relief. *Id.* at 1010-11. The district court found the first contention dispositive and granted Sony's motion to dismiss both FCRA claims without leave to amend. *Id.* at 1012. The court reasoned that the definition of "consumer reporting agency" includes only those agencies that furnish "consumer reports" for "consumer purposes." *Id.* at 1011. The court further noted there were no allegations in the complaint (nor could there be) suggesting that Sony regularly compiles and distributes consumer reports. *Id.*

Similarly here, Lamps Plus is not a consumer reporting agency as that term is defined in § 1681a(f). Lamps Plus is not in the business of furnishing consumer reports for consumer purposes, and plaintiff's complaint does not allege that it is.[7] Because Lamps Plus is not a consumer reporting agency, the FCRA is inapplicable here and this claim must therefore be dismissed.

## XV. PLAINTIFF'S UCL CLAIM FAILS FOR WANT OF A REMEDY.

UCL actions are equitable in nature; damages cannot be recovered. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003); *see also Chowning v. Kohl's Dep't Stores, Inc.*, 2016 U.S. Dist. LEXIS 37261, at *14 (C.D. Cal. Mar. 15, 2016). Plaintiffs may only seek injunctive relief and restitution. *Korea Supply Co.*, 29 Cal. 4th at 1144. An order for "restitution" is defined as one "compelling a UCL defendant to return *money obtained through an unfair business*

---

[6] The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. 15 U.S.C. § 1681a(f).

[7] *See* Comp. ¶ 3 ("[Lamps Plus is] the nation's largest lighting retailer. Lamps Plus is a Los Angeles based, privately held company that maintains multiple e-commerce sites and operates dozens of retail showrooms across the Western United States. [Lamps Plus has] built [its] success upon delivering consumers professional service, selection, quality and style in home lighting and furnishings.").

*practice* to those persons in interest from whom the property was taken . . ." *Id.* at 1144-45 (emphasis added).

Plaintiff did not give Lamps Plus any money and Lamps Plus never sold anything to plaintiff. *Chowning*, 2016 U.S. Dist. LEXIS 37261, at *14 (restitution is simply the return of the excess of what the plaintiff gave the defendant over the value of what the plaintiff received). Moreover, Lamps Plus has not engaged in an unfair business practice, nor has it obtained money from plaintiff. Plaintiff therefore does not have a valid claim for restitution under the UCL.

Plaintiff likewise does not have a valid claim for injunctive relief. A plaintiff seeking injunctive relief must demonstrate there is "a sufficient likelihood that he will again be wronged in a similar way." *Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007). A plaintiff thus must show a "real and immediate threat of repeated injury" that is "likely to be redressed by the prospective injunctive relief." *Id.* There is no real and immediate threat of repeated injury to plaintiff here, nor is there a likelihood that he will be wronged again in a similar way. *See id.* The alleged "Data Breach" has already occurred and is not likely to happen again now that Lamps Plus is made aware of the purported issue. Plaintiff has not identified a continuing threat as a current employee of Lamps Plus. An injunction is not meant to cure past conduct that has already occurred, and given that there is no future bad conduct likely to occur, plaintiff does not have a valid injunction claim. And because there is no remedy for plaintiff under the UCL, either in the form of restitution or an injunction, plaintiff's UCL claim necessarily fails.

## XVI. PLAINTIFF DOES NOT ALLEGE ANY "UNFAIR" CONDUCT UNDER THE UCL.

Although the California Supreme Court has not established a definitive test to determine whether a business practice is unfair, California Courts of Appeal have applied several different tests for unfairness in consumer cases, two of which plaintiff tries to invoke in his Complaint. *Drum v. San Fernando Valley Bar Assn.*, 182 Cal. App. 4th 247, 256 (2010); Comp. ¶¶ 83, 87. Plaintiff has not pled facts that

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-6811-4226.6                                              5:16-cv-00577-DMG
21
LAMPS PLUS'S MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND, ALTERNATIVELY, MOTION TO DISMISS

1  would make his UCL unfairness claim successful under either test.

2     Under the first test, courts look at whether the alleged business practice is

3  "immoral, unethical, oppressive, unscrupulous or substantially injurious to

4  consumers." *Drum*, 182 Cal. App. 4th at 257.  This requires the court to weigh the

5  utility of the defendant's conduct against the gravity of the harm to the alleged

6  victim.  *Id.*

7     Here, plaintiff has pled only legal conclusions.  There are no facts that would

8  make Lamps Plus's conduct as plaintiff's employer "immoral, unethical, oppressive,

9  unscrupulous or substantially injurious to consumers."  *Id.*  Pleading such facts is

10  particularly necessary given plaintiff and Lamps Plus's relationship is that of

11  employer-employee and has no bearing on consumers.

12     The operative portions of the complaint make clear that plaintiff is merely

13  parroting the requirements under the "unfair" prong of the UCL without

14  substantiating facts.  (Comp. ¶ 87.)  He does not include any factual allegations to

15  demonstrate *how* Lamps Plus's conduct is "immoral, unethical, oppressive,

16  unscrupulous, unconscionable, and/or substantially injurious." *Ashcroft v. Iqbal*, 556

17  U.S. 662, 683 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

18     Under the second test, "the public policy which is a predicate to a consumer

19  unfair competition action under the 'unfair' prong of the UCL must be tethered to

20  specific constitutional, statutory, or regulatory provisions."  *Drum*, 182 Cal. App.

21  4th at 256 (2010).  Plaintiff tries to invoke this standard without reference to any

22  statutory or regulatory provision concerning *consumers*.  Thus, any "public policy"

23  violation plaintiff claims is inapplicable to him as an employee of Lamps Plus.  Nor

24  does plaintiff claim there is "significant harm to competition." *Drum*, 182 Cal. App.

25  4th at 256-57.  Plaintiff cannot use the UCL's "unfair" prong to manufacture his

26  own test for the protection of employees and their information.  *Durell v. Sharp*

27  *Healthcare*, 183 Cal. App. 4th 1350, 1359 (2010) (the purpose of the UCL is to

28  protect both consumers and competitors by promoting fair competition in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-6811-4226.6                                    22                        5:16-cv-00577-DMG

LAMPS PLUS'S MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND, ALTERNATIVELY, MOTION TO DISMISS

1  commercial markets for goods and services).

2  Without sufficient facts, there is no basis to infer Lamps Plus violated the

3  "unfairness" tests. *See Drum*, 182 Cal. App. 4th at 257.  Plaintiff also does not

4  plead his claim with the requisite "high degree of meticulousness required by Rule

5  9(b).  *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000).  The Ninth

6  Circuit has affirmed a Rule 12 dismissal of a similarly defective unfairness-prong

7  claim based on a similar "very general allegation."  *Levitt v. Yelp! Inc.*, 765 F.3d

8  1123, 1136-37 (9th Cir. 2014).  Neither the plaintiff nor the courts may "simply

9  impose their own notions of the day as to what is fair or unfair."  *Cel-Tech*

10  *Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999).  For these

11  reasons, plaintiff's UCL "unfair" prong claim should be dismissed.

12  **XVII. PLAINTIFF'S UCL "UNLAWFUL" PRONG CLAIM FAILS BECAUSE PLAINTIFF**

13  **HAS NOT SHOWN THAT LAMPS PLUS VIOLATED ANOTHER LAW.**

14  The UCL's "unlawful" prong "borrows violations of other laws and treats

15  them as unlawful practices that the [UCL] makes independently actionable."  *Davis*

16  *v. HSBC Bank*, 691 F.3d 1152, 1168 (9th Cir. 2012) (quoting *Cel-Tech Commc'ns,*

17  *Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)).  Plaintiff alleges the

18  predicate violations for his UCL unlawful prong claim are violations of his other

19  claims.  Comp. ¶¶ 83-85.  Because plaintiff fails to state a claim under those laws,

20  this UCL claim must also be dismissed.  *Vega v. Ocwen Fin. Corp.*, 2015 U.S. Dist.

21  LEXIS 37079, at *30 (C.D. Cal. Mar. 24, 2015) (dismissing plaintiff's UCL claim

22  in its entirety because there was no "borrowed" law to support plaintiff's unlawful

23  prong claim).

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-6811-4226.6                    23                    5:16-cv-00577-DMG

LAMPS PLUS'S MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND, ALTERNATIVELY, MOTION TO DISMISS

# XVIII.   CONCLUSION

The Court should compel plaintiff to arbitrate on an individual basis with JAMS and dismiss this case.

Dated:  May 31, 2016                    LEWIS BRISBOIS BISGAARD & SMITH LLP


By: _____
        Eric Y. Kizirian
        Attorneys for Defendants
        Lamps Plus, Inc., Lamps Plus Centennial,
        Inc., and Lamps Plus Holdings, Inc.