1

2

3

4

5

UNITED STATES DISTRICT COURT

6

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

7

8

FRANK VARELA, on behalf of himself
and all others similarly situated,

9

10

Plaintiff,

11

vs.

12

13

LAMPS PLUS, INC., LAMPS PLUS
CENTENNIAL, INC., LAMPS PLUS
HOLDINGS, INC., and DOES 1 through
10, inclusive,

14

15

16

Defendants.

Case No. 5:16-cv-00577-DMG

Hon. Dolly M. Gee

**DECLARATION OF LUCENDA JO
BEESON IN SUPPORT OF DEFENDANT
LAMPS PLUS, INC.'S MOTION TO
COMPEL ARBITRATION ON AN
INDIVIDUAL BASIS**

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF LUCENDA JO BEESON

I, Lucenda Jo Beeson, declare as follows:

1.     I am the Human Resources Director for Lamps Plus, Inc. ("Lamps Plus").  I have been the Human Resources Director for Lamps Plus since January 4, 2011.  Each of the facts stated herein are personally known to me and I could and would testify competently to them if called to do so.  I make this declaration to authenticate the Arbitration Agreement that was signed by Lamps Plus employee Frank R. Varela III on April 9, 2007.

2.     One of my responsibilities as the Human Resources Director for Lamps Plus is to maintain the personnel records of all Lamps Plus employees.  Based on my experience, I have personal knowledge as to how employee records and files are stored and specifically how the Arbitration Agreements are stored.

3.     As a general policy, Lamps Plus employees must sign an Arbitration Agreement as a condition of employment with Lamps Plus. Once signed, the original agreements are stored in the employees' personnel file. Lamps Plus's personal files are kept in a locked office, which can only be accessed by a few employees, and are not tampered with. The signed Arbitration Agreements for Lamps Plus's employees are employee records that are kept in the ordinary course of business at Lamps Plus.

4.     Mr. Varela began working for Lamps Plus on April 9, 2007.  Mr. Varela signed an Arbitration Agreement that same day.  He was also given at this time an accompanying "ATTACHMENT A LAMP'S PLUS EMPLOYMENT ARBITRATION RULES AND PROCEDURES."

5.     Former Lamps Plus HR employee Kathy Tomlinson also signed the Arbitration Agreement on April 9, 2007 on behalf of Lamps Plus.

6.     Lamps Plus's general policy for new employees is to have an orientation session on the first day of work. At orientation, employees are given the Arbitration Agreement and Attachment A, along with other important policies and

DECLARATION OF LUCENDA JO BEESON IN SUPPORT OF LAMPS PLUS'S MOTION TO COMPEL ARBITRATION

procedures. Employees are told to read the Arbitration Agreement before signing it, and are given the chance to bring it home.

7.      Attached as **Exhibit 1** is a true and correct copy of the Arbitration Agreement that Mr. Varela and Lamps Plus voluntary entered into on April 9, 2007. After this suit was filed, I personally took Mr. Varela's original signed Arbitration Agreement and Attachment A from his personnel file and scanned it to create Exhibit 1.

8.      Attachment A in Exhibit 1 is given to all employees at the same time that they are given the Arbitration Agreement. Attachment A is one part of the parties' agreement to arbitrate.

9.      A Lamps Plus employee may revoke the Arbitration Agreement up to three days after signing it. Mr. Varela did not revoke the Arbitration Agreement during that three-day window.  I have no record of him revoking the Arbitration Agreement in his personnel file.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May _27_ , 2016 in Chatsworth, California.

Lucenda Jo Beeson

# EXHIBIT 1

Lamps Plus is considering you as a prospective employee. Part of our employment practice is agreeing to abide by the terms in the Arbitration Agreement. Please read this agreement and be willing to sign it if an employment offer is made. Thank you for your cooperation.

# LAMPS PLUS, INC.

### ARBITRATION PROVISION

Except as provided below, the parties agree that any and all disputes, claims or controversies arising out of or relating to this Agreement, the employment relationship between the parties, or the termination of the employment relationship, that are not resolved by their mutual agreement shall be resolved by final and binding arbitration as the exclusive remedy.

I understand that by entering into this Agreement, I am waiving any right I may have to file a lawsuit or other civil action or proceeding relating to my employment with the Company and am waiving any right I may have to resolve employment disputes through trial by judge or jury. I agree that arbitration shall be in lieu of any and all lawsuits or other civil legal proceedings relating to my employment.

## Claims Covered by the Arbitration Provision

The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), past, present or future that I may have against the Company or against its officers, directors, employees or agents in their capacity as such, or otherwise, or that the Company may have against me. Specifically, the Company and I mutually consent to the resolution by arbitration of all claims that may hereafter arise in connection with my employment, or any of the parties' rights and obligations arising under this Agreement. The only claims that are arbitrable are those that, in the absence of this Agreement, would have been available to the parties by law. The claims covered by this Agreement include, but are not limited to, claims for discrimination or harassment based on race, sex, sexual orientation, religion, national origin, age, marital status, or medical condition or disability (including claims under the California Fair Employment and Housing Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Equal Pay Act, Title VII of the Civil Rights Act of 1964, and any other local, state or federal law concerning employment or employment discrimination). This agreement does not affect the Employee's right to seek relief through the United States Equal Employment Opportunity Commission or the California Department of Fair Employment and Housing.

## The Arbitration Process

Either party may commence the arbitration process by filing a written demand for arbitration with J.A.M.S./ENDISPUTE ("J.A.M.S.") or the American Arbitration Association ("AAA") and sending a copy by personal delivery or certified mail to the other party. In the event I initiate the arbitration process, I will send the notice to the Human Resources Department. If the Company initiates arbitration, it will send the notice to my last known residence address as reflected in my personnel file. The Company and I agree that, except as provided in this Agreement, the arbitration shall be in accordance with the AAA's then–current National Rules for the Resolution of Employment Disputes (if AAA is designated) or the then-current J.A.M.S. Arbitration Rules and Procedures for Employment Disputes (if J.A.M.S. is designated). The arbitration shall be conducted by one arbitrator ("the Arbitrator") selected pursuant to the selection procedures provided by J.A.M.S. or AAA or by an arbitrator mutually selected by the parties.

The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the State of California, or federal law, or both, as applicable to the claim(s) asserted. The Arbitrator is without jurisdiction to apply any different substantive law, or law of remedies. The Arbitrator is authorized to award any remedy allowed by applicable law. The Arbitrator shall not have the power to modify any of the provisions of this Agreement. The Arbitrator shall issue a written and signed statement of the basis of his or her decision, including findings of fact

and conclusions of law. The statement and award, if any, shall be based on the terms of this Agreement, the findings of fact and the statutory and decisional case law applicable to this dispute. Proceedings to enforce, confirm, modify, set aside or vacate an award or decision rendered by the Arbitrator will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. Sec 1 et seq, or applicable state law. Nothing in this paragraph shall prohibit or limit the parties from seeking injunctive relief in lieu of or in addition to arbitration at any time directly from a Court of competent jurisdiction. The arbitration shall be final and binding upon the parties, except as provided in this Agreement.

## Arbitration Fees and Costs

The Company agrees to pay all fees associated with the arbitration that are unique to arbitration including the cost of the arbitrator. These costs do not include the initial filing fee if I initiate the arbitration costs or the cost of discovery, expert witnesses, or other costs which I would have been required to bear had the matter been filed in a court. The costs of arbitration are borne by the Company. The parties will be responsible for paying their own attorney's fees, except as otherwise required by law and determined by the arbitrator in accord with applicable law.

## Voluntary Agreement

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, THAT I UNDERSTAND ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANY AND ME RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT, AND THAT I HAVE ENTERED INTO THE AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF. I UNDERSTAND THAT I HAVE THREE (3) DAYS FOLLOWING THE SIGNING OF THIS AGREEMENT TO REVOKE THIS AGREEMENT AND THAT THIS AGREEMENT SHALL NOT BECOME EFFECTIVE OR ENFORCEABLE UNTIL THE REVOCATION PERIOD HAS EXPIRED.

I ACKNOWLEDGE THAT I HAVE BEEN ADVISED TO CONSULT WITH LEGAL COUNSEL BEFORE SIGNING THIS AGREEMENT. I UNDERSTAND THAT BY SIGNING THIS AGREEMENT I AM GIVING UP MY RIGHT TO FILE A LAWSUIT IN A COURT OF LAW AND TO HAVE MY CASE HEARD BY A JUDGE AND/OR JURY.

**THE EMPLOYEE**                                    **LAMPS PLUS**

FRANK R. VARELA III
Employee's Name

R. Varela III
Employee's Signature

Kathy Johnson

4-09-07
Date

File: Arbitration Provision
1/28/02

Revised 11/1/04

ATTACHMENT A
LAMPS PLUS EMPLOYMENT ARBITRATION
RULES AND PROCEDURES

1.    Federal Arbitration Act:   Except as provided in this Agreement, the Federal Arbitration Act shall govern the interpretation, enforcement and all proceedings pursuant to this Agreement.   To the extent that the Federal Arbitration Act is inapplicable, California law pertaining to agreements to arbitrate shall apply.

2.    Arbitration Procedures:   A.   The arbitration will be conducted by Judicial Arbitration & Mediation Services, Inc. ("J.A.M.S.").   The Company and I agree that, except as provided in this agreement, the arbitration shall be in accordance with the then-current J.A.M.S. Employment Arbitration Rules.   The arbitrator shall be either a retired judge, or an attorney licensed to practice law in the state in which the arbitration is convened.   The arbitration shall take place in or near the city in which the Employee is or was last employed by the Company.

B.   The arbitrator shall be selected as follows.   J.A.M.S. shall give each party a list of 10 arbitrators drawn from its panel of employment dispute arbitrators.   Each party may strike all names on the list it deems unacceptable.   If only one common name remains on the lists of all parties, that individual shall be designated as the arbitrator.   If more than one common name remains on the lists of all parties, the parties shall strike names alternately from the list of common names until only one remains.   The party who did not initiate the claim shall strike first.   If no common name exists on the lists of all parties, the sponsoring organization shall furnish an additional list and the process shall be repeated.   If no arbitrator has been selected after two lists have been distributed, then the parties shall strike alternately from a third list, with the party initiating the claim striking first, until only one name remains.   That person shall be designated as the arbitrator.

C.   The arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted.   The arbitrator is without jurisdiction to apply any different substantive law, or law of remedies.   The arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement, including but not limited to any claim that all or any part of this Agreement is void or voidable.   The arbitration shall be final and binding upon the parties, except as provided in this Agreement.

D.   The arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold the prehearing conferences by telephone or in person, as the arbitrator deems necessary.   The arbitrator shall have the authority to entertain a notice to dismiss and/or a motion for summary judgement by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedures.

E.   Either party, at its expense, may arrange for and pay the cost of a court reporter to provide a stenographic record of proceedings.

F.   Either party, upon request at the close of hearing, shall be given leave to file a post-hearing brief.   The time for filing such a brief shall be set by the arbitrator.

H.   Either party shall have the right, within 20 days of issuance of the arbitrator's proposed opinion, to file with the arbitrator a motion to reconsider (accompanied by a supporting brief) where the party believes that the arbitrator's award violates public policy and/or the applicable arbitration procedures set forth herein and by J.A.M.S.   The other party shall have 20 days from the date of the motion to respond.   The arbitrator thereupon shall reconsider the issues raised by the motion and, promptly, either confirm or change the decision, which (except as provided by this Agreement) shall then be final and conclusive upon the parties.   The costs of such a motion for reconsideration and written opinion of the arbitrator shall be borne by the party prevailing on the motion, unless the arbitrator orders otherwise.

3. Hearing Date:   The arbitrator will promptly set a hearing date and time, and will mail written notice to each of the parties at least sixty (60) days in advance of the hearing unless the parties otherwise agree or mutually waive notice.

4.   Pleadings:   Formal pleadings are not required.   However, the party initiating the claim shall put J.A.M.S. and the responding party on notice of the claims asserted and include a short and plain statement of (1) the factual and legal bases for the claims, and (2) the amount of damages being sought and a description of any other relief being sought.

5.   Discovery:   A.   Witnesses/Documents:   At least thirty (30) days before the arbitration, the parties shall exchange lists of witnesses, including any experts, as well as copies of all exhibits intended to be used at the hearing.   The arbitrator shall have discretion to order earlier and additional pre-hearing exchange of information.

B.   Deposition:   Each party shall have the right to take the deposition of one individual as well as any expert designated by either party.

C.   Document Production:   Each party shall have the right to require production of relevant documents from the other party.

D.   Other Discovery:   No other discovery shall be had, except upon order of the arbitrator and upon a showing of substantial need.

       E.  Discovery Motions:  The arbitrator will establish an informal procedure to resolve discovery disputes.  The procedure may include presentation of motions by letter as opposed to formal pleadings.  Service of motions by facsimile transmission and rulings by telephonic conference calls also may be permitted at the arbitrator's discretion.

       F.  Subpoenas:  The subpoena rights under Rule 7(D) shall apply to discovery.

       G.  Dispositive Motions:  The Arbitrator shall have the jurisdiction and power to entertain a motion to dismiss and/or motion for summary judgement by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedures.

       H.  Fees:  The fees, costs and expenses of J.A.M.S and the arbitrator shall be allocated between the parties as provided in Section 6 of the Mutual Agreement to Arbitrate Claims (the "Arbitration Agreement").

      6.  Briefs:  Concise pre-arbitration briefs are encouraged.  Any such brief shall be filed and served ten (10) days before the arbitration date.  Either party, upon request at the close of the hearing, may be given leave to file a post-hearing brief.  The time for filing such a brief shall be set by the arbitrator.  Reply briefs may not be filed unless the arbitrator specifies to the contrary at the close of the hearing.  Briefs are limited to thirty (30) pages.

      7.  The Arbitration Hearing:  A.  Conduct of Hearing:  The arbitrator shall preside at the hearing and rule on the admission and exclusion of evidence as well as questions of procedure, and may exercise all other powers conferred upon the arbitrator by the parties herein in the Arbitration Agreement.  The hearing will be conducted as if it were an informal court trial.  Proceedings may be adjourned from time to time.

       B.  Representation:  Any party may be represented by an attorney or other representative selected by the party.

       C.  Attendance of Witnesses and Production of Evidence:  The arbitrator may issue subpoenas for the attendance of witnesses and the production of documents for the hearing.

       D.  Order of Proof:  The order of proof should generally follow that of a typical court trial, including an opportunity to make opening statements and closing arguments.

       E.  Presentation of Evidence:  Judicial rules relating to the order of proof, the conduct of the hearing and the presentation and admissibility of evidence will not be applicable.  Any relevant evidence, including hearsay, shall be admitted by the arbitrator if it is the sort of evidence upon which responsible persons are accustomed to rely in the conduct of serious affairs, regardless of the admissibility of such evidence in a court of law.

       F.  Law:  The arbitrator shall apply the substantive law and the law of remedies, if applicable, of the state in which the claim arose, or federal law or both, as may be applicable to the claim(s) being asserted.

       G.  Ancillary Services:  Any party desiring a stenographic record may hire a court reporter to attend the proceedings.  The same applies to any party desiring an interpreter.  The requesting party must notify the other parties of the arrangements in advance of the hearing and must pay the costs incurred.  If the other party desires a copy of the transcript, it shall be made available. but in that event the reporter's total charges shall be shared equally by all parties.

       H.  Payment of Attorney and Witness Expenses:  Each party shall pay its own attorney's fees, witness fees and other expenses incurred for its own benefit, unless otherwise provided by contract or statute.

       I.  Arbitration in the Absence of a Party or Representative:  The arbitration may proceed in the absence of any party or representative who, after due notice, fails to appear or fails to obtain a continuance.  In such case, the arbitrator shall rule against the absent party.

       J.  Serving Notice:  Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, for any court action in connection therewith or for the entry of judgement on any award made under these rules, may be personally served or mailed to the party or its representative at the last known address, provided that a reasonable opportunity to be heard with regard to the processing has been granted to the party.  The arbitrator may allow, and/or the parties may consent to, the use of facsimile transmission (FAX, telex, telegram, or other written forms of electronic communication to give notices required by these rules).

       K.  Waiver of Rules:  Any party who proceeds with arbitration with knowledge that any provision or requirement of these rules has not been complied with and who fails to state an objection thereto in writing shall be deemed to have waived the right to object.

       L.  Jurisdiction:  The arbitrator has the authority to resolve any dispute relating to the formation, interpretation, applicability or enforceability of the Arbitration Agreement.

      8.  Award:  The arbitrator shall make the award and issue an opinion in the written form typically rendered in labor arbitration as soon as possible, and in no case more than thirty (30) days, after the close of evidence or the submission of posthearing briefs, whichever is later.  The arbitrator may grant any remedy or relief, legal or equitable, that would have been available had the claim been asserted in court.  The award shall include a brief statement of the factual and legal bases for the ruling.

File: Arbit