UNITED STATES DISTRICT COURT  **JS-6**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-577-DMG (KSx)** | Date | July 7, 2016 |
|---|---|---|---|

| Title | *Frank Varela v. Lamps Plus, Inc., et al.* | Page | 1 of 10 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT'S MOTION TO COMPEL ARBITRATION OR, ALTERNATIVELY, MOTION TO DISMISS [34]**

**I.
PROCEDURAL BACKGROUND**

On March 29, 2016, Plaintiff Frank Varela filed a class action complaint ("Compl.") against Lamps Plus, Inc., Lamps Plus Centennial, Inc., and Lamps Plus Holdings, Inc. (collectively "Lamps Plus") for (1) negligence, (2) breach of implied contract, (3) violation of the California Consumer Records Act (Cal. Civ. Code §§ 1798.81.5, 1798.82), (4) violation of the California Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200 *et seq.*), (5) invasion of privacy, and (6) negligent violation of the Credit Reporting Act.  [Doc. # 1.]

On May 31, 2016, Lamps Plus filed a Motion to Compel Arbitration on an individual basis ("MTC") or, alternatively, a Motion to Dismiss ("MTD"). [Doc. #34.]  On June 10, 2016, Varela filed an Opposition ("Opp.") to Lamps Plus's motions. [Doc. #37.]  On June 17, 2016, Lamps Plus filed a Reply.  [Doc. #38.]

**II.
FACTUAL BACKGROUND**

Varela has been an employee of Lamps Plus for approximately nine years and is currently employed there as a Warehouseman at the Lamps Plus warehouse located in Redlands, California. (Compl. ¶ 7).  As a condition of employment, Lamps Plus required Varela to provide it with his personal information.  (*Id.* ¶ 11.)  On Varela's first day of work, he signed multiple documents, including an arbitration agreement, as a condition of his employment with Lamps Plus. (Declaration of Frank Varela in Support of Plaintiff's Opposition to Motion to Compel Arbitration/Motion to Dismiss ("Varela Decl.") ¶ 6 [Doc. # 37-2]; Declaration of Lucenda Jo Beeson in Support of Defendant Lamps Plus, Inc.'s Motion to Compel Arbitration on an Individual Basis ("Beeson Decl.") ¶¶ 4, 7, Ex. 1 (Arb. Agreement) [Doc. # 34-2]).  Varela contends that he does not remember signing this document or having its contents explained to him, but does not contest the fact that he signed it.  (Varela ¶¶ 6-10.)  Varela states that he does

UNITED STATES DISTRICT COURT    JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-577-DMG (KSx)** | Date | July 7, 2016 |
|---|---|---|---|
| Title | *Frank Varela v. Lamps Plus, Inc., et al.* | Page | 2 of 10 |

not remember being advised by anyone from Lamps Plus to consult an attorney prior to signing the arbitration provision and, even if he had been so advised, he could not have afforded to retain an attorney to review the arbitration provision. (*Id.* ¶ 8.) Lamps Plus Human Resources Director Lucenda Jo Beeson confirms that Lamps Plus employees generally must sign an Arbitration Agreement as a condition of employment with Lamps Plus. (Beeson Decl. ¶ 3.) The Arbitration Agreement states that part of its "employment practice is agreeing to abide by the terms in the Arbitration Agreement" and an employee should therefore "read this agreement and be willing to sign it if an employment offer is made." (Arb. Agreement at 1.)

The Arbitration Agreement provides in pertinent part:

> The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), past, present or future that I may have against the Company or against its officers, directors, employees or agents in their capacity as such, or otherwise, or that the Company may have against me. Specifically, the Company and I mutually consent to the resolution by arbitration of all claims that may hereafter arise in connection with my employment, or any of the parties' rights and obligations arising under this Agreement.

(*Id.* at 1.) The Agreement states that "any and all disputes, claims, or controversies arising out of or relating to this Agreement . . . shall be resolved by final and binding arbitration as the exclusive remedy." (*Id.*) The then-current American Arbitration Association ("AAA") National Rules for the Resolution of Employment Disputes or the then-current J.A.M.S Arbitration Rules and Procedures for Employment Disputes apply to the arbitration. (*Id.*)

The Agreement further states, in all-capital letters: "I UNDERSTAND THAT I HAVE THREE (3) DAYS FOLLOWING THE SIGNING OF THIS AGREEMENT TO REVOKE THIS AGREEMENT AND THAT THIS AGREEMENT SHALL NOT BECOME EFFECTIVE OR ENFORCEABLE UNTIL THE REVOCATION PERIOD HAS EXPIRED." (*Id.* at 2.) Beeson confirms that a Lamps Plus employee may revoke the Arbitration Agreement up to three days after signing it. (Beeson Decl. ¶ 9.) Varela did not revoke the Agreement during the three-day window. (*Id.*)

The Agreement also states that "[t]he Arbitrator is authorized to award any remedy allowed by applicable law" and the Agreement does not "prohibit or limit the parties from seeking injunctive relief in lieu of or in addition to arbitration at any time directly from a Court of competent jurisdiction." (Arb. Agreement at 1-2.) The Agreement further states that:

> The Company agrees to pay all fees associated with the arbitration that are unique to arbitration including the cost of the arbitrator. These costs do not include the

UNITED STATES DISTRICT COURT　　　　　　JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-577-DMG (KSx) | Date | July 7, 2016 |
|---|---|---|---|
| Title | *Frank Varela v. Lamps Plus, Inc., et al.* | Page | 3 of 10 |

initial filing fee if I initiate the arbitration costs or the costs of discovery, expert witnesses, or other costs which I would have been required to bear had the matter been filed in a court. The costs of arbitration are borne by the Company. The parties will be responsible for paying their own attorneys' fees, except as otherwise required by law and determined by the arbitrator in accord with applicable law.

(*Id.* at 2.) The Lamps Plus Employment Arbitration Rules and Procedures reiterate that the "fees, costs and expenses of . . . the arbitrator shall be allocated between the parties as provided in . . . the Mutual Agreement to Arbitrate Claims[.]" (Arb. Agreement, Ex. A ("Lamp Plus Rules") ¶ 5H [Doc. # 37-1].)

The final paragraph of the agreement provides, in all-capital letters: "I ACKNOWLEDGE THAT I HAVE BEEN ADVISED TO CONSULT WITH LEGAL COUNSEL BEFORE SIGNING THIS AGREEMENT. I UNDERSTAND THAT BY SIGNING THIS AGREEMENT I AM GIVING UP MY RIGHT TO FILE A LAWSUIT IN A COURT OF LAW AND TO HAVE MY CASE HEARD BY A JUDGE AND/OR JURY." (*Id.* at 2.)

The Lamps Plus Employment Arbitration Rules and Procedures provide that "[e]ach party has the right to take the deposition of one individual as well as any expert designated by either party." (Lamps Plus Rules ¶ 5B) The Lamps Plus Rules state that "[n]o other discovery shall be had, except upon order of the arbitrator and upon a showing of substantial need." (*Id.* ¶ 5D.)

On or around March 3, 2016, "a criminal" obtained unauthorized access to copies of current and former employees' W-2 income and tax withholding statements, compromising the security of sensitive personal information of approximately 1,300 employees. (Compl. ¶¶ 1,4.) Varela's information was stolen as a result of the Data Breach. (*Id.* ¶ 7.) As a result of the data breach, Varela's 2015 income taxes were fraudulently filed with the information that was stolen. (*Id.* ¶ 8.) The proposed class includes current and former employees of Lamps Plus, as well as family members and close friends who were affected by the information breach. (*Id.* ¶ 1.)

### III.
### LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that written arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 131 S. Ct. 1740, 179 L.Ed.2d 742 (2011). "The basic role for courts under the FAA is to determine (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | JS-6 |
| CENTRAL DISTRICT OF CALIFORNIA | | |
| CIVIL MINUTES—GENERAL | | |

| | | | |
|---|---|---|---|
| Case No. | CV 16-577-DMG (KSx) | Date | July 7, 2016 |
| Title | *Frank Varela v. Lamps Plus, Inc., et al.* | Page | 4 of 10 |

encompasses the dispute at issue." *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (internal citation and quotation marks omitted).

Federal substantive law governs questions concerning the interpretation and enforceability of arbitration agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22-24, 103 S. Ct. 927, 74 L.Ed.2d 765 (1983). Courts apply ordinary state law contract principles, however, "[w]hen deciding whether the parties agreed to arbitrate a certain matter (including arbitrability)[.]" *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L.Ed.2d 985 (1995). "[C]lear and unmistakable evidence" is required for courts to conclude that the parties have agreed to arbitrate arbitrability. *Id.* (internal citations and quotations omitted). As long as an arbitration clause is not itself invalid under "generally applicable contract defenses, such as fraud, duress, or unconscionability," it must be enforced according to its terms. *Concepcion*, 563 U.S. at 343.

Under California law, "[t]he petitioner bears the burden of proving the existence of a valid arbitration agreement by a preponderance of the evidence, while a party opposing the petition bears the burden of proving by a preponderance of the evidence any fact necessary to its defense." *Ruiz v. Moss Bros. Auto Group, Inc.*, 232 Cal. App. 4th 836, 842, 181 Cal. Rptr. 3d 781, 786 (2014) (internal citation omitted). "The trial court sits as the trier of fact, weighing all the affidavits, declarations, and other documentary evidence[.]" *Id.* (internal citation omitted).

### IV.
### DISCUSSION

**A.   Scope of Arbitration Agreement**

When there is a dispute regarding arbitrability, "[i]t is the court's duty to interpret the agreement and to determine whether the parties intended to arbitrate[.]" *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 651, 106 S. Ct. 1415, 1420, 89 L. Ed. 2d 648 (1986). Ambiguities in arbitration agreements are "to be resolved in favor of arbitrability[.]" *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 288, 130 S. Ct. 2847, 2850, 177 L. Ed. 2d 567 (2010); *see also Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1049 (9th Cir. 1996) ("We interpret the contract by applying general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration.").

Varela contends that the motion to compel arbitration should be denied because the complaint is outside of the scope of his arbitration agreement with Lamps Plus. Varela asserts that the data breach is "an administrative task ancillary to the employment relationship" that falls outside of the scope of an employment claim.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | **CV 16-577-DMG (KSx)** | Date | July 7, 2016 |
| Title | *Frank Varela v. Lamps Plus, Inc., et al.* | Page | 5 of 10 |

When the scope of the arbitration agreement is broad, the matter should be submitted to arbitration. *See Bhd. of Teamsters & Auto Truck Drivers Local No. 70 v. Interstate Distrib. Co.*, 832 F.2d 507, 511-12 (9th Cir. 1987); *see also Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) ("factual allegations need only "touch matters" covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability."); *Bui v. Northrop Grumman Sys. Corp.*, Case No. 15-CV-1397-WQH-WVG, 2015 WL 8492502, at *7 (S.D. Cal. Dec. 10, 2015) ("based on the broad language of the Agreement, the court concludes that Plaintiff's . . . claim falls within the scope of the Arbitration Agreement.").

The Arbitration Agreement states that the parties agree to arbitrate "all claims or controversies" Varela may have against the Company or against its officers, directors, employees or agents. The Agreement goes on to specify that it applies to all claims that arise "in connection with [Varela's] employment." The language of the Arbitration Agreement is broad, encompassing *all* claims Varela may have against Lamps Plus or its officers. The claim at issue here also arises "in connection" with Varela's employment, in that Lamps Plus collected and stored his personal information in connection with his employment there. Based on the plain language of the Arbitration Agreement, the Court concludes that Varela's claims fall within the broad scope of the arbitration clause.

**B.     Unconscionability**

Varela asserts that the Arbitration Agreement is invalid because it is unconscionable. Under California law, "the doctrine of unconscionability has both a procedural and substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1133, 163 Cal. Rptr. 3d 269 (2013). Both procedural and substantive unconscionability are required to render a contract unenforceable, but they need not be present in the same degree. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114, 99 Cal. Rptr. 2d 745 (2000). "California law utilizes a sliding scale to determine unconscionability—greater substantive unconscionability may compensate for lesser procedural unconscionability." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013) (internal citation omitted). Whether a contract or provision is unconscionable is a question of law. *Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 851, 113 Cal. Rptr. 2d 376 (2001). The party challenging the arbitration agreement bears the burden of establishing unconscionability. *Pinnacle Museum Tower Ass'n*, 55 Cal. 4th 223, 247, 145 Cal. Rptr. 3d 514 (2012).

UNITED STATES DISTRICT COURT　　　　JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 16-577-DMG (KSx) | Date | July 7, 2016 |
| Title | *Frank Varela v. Lamps Plus, Inc., et al.* | Page | 6 of 10 |

### 1. Procedural Unconscionability

Varela contends that, because the contract that was drafted solely by Lamps Plus on a "take-it-or-leave-it" basis and he was never granted the opportunity to negotiate the terms, the agreement is procedurally unconscionable.

"[T]he critical factor in procedural unconscionability analysis is the manner in which the contract or the disputed clause was presented and negotiated[.]" *Nagrampa v. Mailcoups, Inc.*, 469 F.3d 1257, 1282 (9th Cir. 2006). In assessing procedural unconscionability, courts have considered whether a contract is one of adhesion, "i.e., a standardized contract, drafted by the party of superior bargaining strength, that relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Ting v. AT&T*, 319 F.3d 1126, 1148 (9th Cir. 2003). A court assessing procedural unconscionability also considers the factors of oppression and surprise due to unequal bargaining power. *Ferguson v. Country-wide Credit Industries, Inc.*, 298 F.3d 778, 783 (9th Cir. 2002). "Oppression addresses the weaker party's absence of choice and unequal bargaining power that results in 'no real negotiation.'" *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013). "Surprise involves the extent to which the contract clearly discloses its terms as well as the reasonable expectations of the weaker party." *Id.*

In this case, while signing the Agreement did appear to be a type of "take-it-or-leave-it" condition of employment, there was minimal oppression or surprise. The Agreement's terms were clearly disclosed, and it was a stand-alone Agreement, labeled as such, rather than being folded into a general employment contract in which its terms were more likely to be overlooked. *See Fouts v. Milgard Mfg., Inc.*, Case No. C11-06269 HRL, 2012 WL 1438817, at *6 (N.D. Cal. Apr. 25, 2012) ("although the Agreement was a contract of adhesion that Fouts had no opportunity to modify, the arbitration clauses are not hidden in the text but are written in the same typeface as the rest of the agreement, with clear headings to explain each section."). Varela has not suggested that he was in any way coerced or duped into signing the arbitration agreement, or urged not to read or ask questions about any of the forms he signed. *See Ulbrich v. Overstock.Com, Inc.*, 887 F. Supp. 2d 924, 932 (N.D. Cal. 2012); *see also Employee Painters' Trust v. J & B Finishes*, 77 F.3d 1188, 1192 (9th Cir. 1996) ("A party who signs a written agreement is bound by its terms, even though the party neither reads the agreement nor considers the legal consequences of signing it.").

Under the terms of the Agreement, Varela had three days in which to revoke the Agreement after signing it. The Ninth Circuit has observed that providing an employee with three days to *consider* the terms of an arbitration agreement is "irrelevant" where the employee has no other options available. *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1172 (9th Cir. 2003) ("when a party who enjoys greater bargaining power than another party presents the weaker party with a contract without a meaningful opportunity to negotiate, oppression and,

UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-577-DMG (KSx) | Date | July 7, 2016 |
|---|---|---|---|
| Title | *Frank Varela v. Lamps Plus, Inc., et al.* | Page | 7 of 10 |

therefore, procedural unconscionability, are present.") (internal citations and quotation marks omitted). In this case, it is not clear what options Varela would have had if he had chosen to invoke the revocation clause during the three-day window, given that Lamps Plus does not contest that signing an arbitration agreement was a condition of employment. Under the circumstances, it does not appear that the three-day revocation window provided Varela with any additional ability to negotiate.

Because the Arbitration Agreement was written by Lamps Plus, Varela was required to sign it as a condition of employment, and Varela had no meaningful opportunity to negotiate, it is a contract of adhesion and some measure of procedural unconscionability is therefore present. Nonetheless, the terms of the stand-alone agreement were very clear and there was no evident pressure not to read the forms or ask questions about them. Thus, the level of procedural unconscionability is "minimal." *See Nagrampa*, 469 F.3d at 1284.

### 2. Substantive Unconscionability

Varela contends that the Agreement is substantively unconscionable in part because the "fee-splitting" arrangement is "riddled with inconsistencies" in that it provides that Lamps Plus will pay for the cost of the arbitration, but also states that the Agreement does not include the costs for the filing fee if the employee initiates the arbitration, and that each party is responsible for paying for their own attorney's fees. (Opp. at 12.)

Varela's arguments are not well taken. Regardless of whether Varela resolves his dispute in court or in arbitration, he will be required to pay for his own attorney's fees. *See, e.g., Coleman v. Jenny Craig, Inc.*, No. 11CV1301-MMA DHB, 2012 WL 3140299, at *4 (S.D. Cal. May 15, 2012) (arbitration agreement including provision that each party be responsible for paying its own costs, including attorneys' fees, valid where it "preserves the same allocation of costs that a litigant would face if he filed in court."); *Fouts,* 2012 WL 1438817, at *4 (arbitration agreement requiring employee to pay own attorney's fees was valid). Similarly, the Arbitration Agreement requires the grievant to pay the cost of a filing fee regardless of whether his claims are brought in court or before an arbitrator. The Agreement imposes no greater cost on Varela than he would face in the absence of such an Agreement. Attorneys' fees and filing fees are generally distinguishable from the "costs of arbitration" which include forum fees and arbitrators' expenses. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 102, 99 Cal. Rptr.2d 745 (2000). The Agreement states that such additional costs of arbitration will be paid by Lamps Plus, while Varela will bear responsibility for the types of costs and fees that he would pay regardless of the forum. This is entirely permissible.

Varela also asserts that the arbitration agreement is substantively unconscionable because it contains a provision permitting the parties to seek injunctive relief and "Lamps Plus is the

UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-577-DMG (KSx) | Date | July 7, 2016 |
|---|---|---|---|
| Title | *Frank Varela v. Lamps Plus, Inc., et al.* | Page | 8 of 10 |

more likely party to seek injunctive relief." (Opp. at 11). "An agreement may be unfairly one-sided if it compels arbitration of the claims more likely to be brought by the weaker party but exempts from arbitration the types of claims that are more likely to be brought by the stronger party." *Lara v. Onsite Health, Inc.*, 896 F. Supp. 2d 831, 843 (N.D. Cal. 2012) (citing *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702, 13 Cal. Rptr. 3d 88 (2004)). California courts have found that when an arbitration agreement permits *only* injunctive relief, this may unconscionably favor the employer, because an employer is more likely to seek injunctive relief. *See Lara*, 896 F. Supp. at 843 (collecting cases). That is not the case here. The Agreement states that the Arbitrator may award any remedy allowed by applicable law, including injunctive relief, and merely specifies that this does not prohibit the parties from going to court to seek injunctive relief as well. Both parties are entitled to any and all appropriate relief, and the availability of injunctive relief does not render the Agreement substantively unconscionable.

Finally, Varela contends that the arbitration agreement provides for "extremely limited" discovery. (Opp. at 12, n.7). Limitations on discovery do not necessarily render an Agreement substantively unconscionable. *See Morgan v. Xerox Corp.*, No. 2:13-CV-00409-TLN-AC, 2013 WL 2151656, at *5 (E.D. Cal. May 16, 2013) ("even if Plaintiff's contention that discovery may be *potentially* limited is correct, that does not render the agreement substantively unconscionable."); *see also Armendariz*, 24 Cal. 4th at 106 ("lack of discovery is not grounds for holding a . . . . claim inarbitrable.").

Under the Lamps Plus Rules, each party has the right to depose one witness as well as any expert designated by the parties. The claims at issue are complex, and it is possible that this amount of discovery will prove inadequate. The Rules provide, however, that the arbitrator may order additional discovery upon a showing of substantial need. This safeguard is adequate to remedy any undue curtailment of necessary discovery. *See Dotson v. Amgen, Inc.*, 181 Cal. App. 4th 975, 984, 104 Cal. Rptr. 3d 341, 349 (2010) (giving arbitrator broad discretion over discovery does not render an arbitration agreement unconscionable) (collecting cases); *see also Stover-Davis v. Aetna Life Ins. Co.*, No. 1:15-CV-1938-BAM, 2016 WL 2756848, at *8 (E.D. Cal. May 12, 2016) (limitations on discovery do not render an arbitration provision unconscionable, particularly where arbitrator is authorized to increase discovery limits upon a showing of necessity).

The Arbitration Agreement is not substantively unconscionable, and raises only the most minimal concerns about procedural unconscionability. It will therefore not be invalidated on this basis.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 16-577-DMG (KSx) | Date | July 7, 2016 |
| Title | *Frank Varela v. Lamps Plus, Inc., et al.* | Page | 9 of 10 |

### 3. Class Action Arbitration

Lamps Plus contends that arbitration should be compelled on an individual basis, asserting that there is no contractual basis for finding that the parties intended to arbitrate on a class-wide basis. Varela responds that the Arbitration Agreement does not waive class-wide arbitration, and that the language stating that "all claims" arising in connection with Varela's employment shall be arbitrated is broad enough to encompass class claims as well as individual claims, or is at least ambiguous and should be construed against the drafter. Varela therefore contends that, if his individual claims are subject to arbitration, so are the class claims.

The Supreme Court has held that "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (2010) (emphasis in original). Where an arbitration clause is "silent" as to class arbitration, "the parties cannot be compelled to submit their dispute to class arbitration." *Id.* at 687. In *Stolt-Nielsen*, however, the parties expressly stipulated that there was "no agreement" as to the issue of class arbitration. *Id.* at 668-69, 687. Courts have therefore limited *Stolt-Nielsen* to cases where an arbitration agreement is "silent in the sense that [the parties] had not reached any agreement on the issue of class arbitration, not simply . . . that the clause made no express reference to class arbitration." *Yahoo! Inc. v. Iversen*, 836 F. Supp. 2d 1007, 1011 (N.D. Cal. 2011) (internal citations and quotations omitted). The "failure to mention class arbitration in the arbitration clause itself does not necessarily equate with the 'silence' discussed in *Stolt-Nielsen*." *Vazquez v. ServiceMaster Global Holding, Inc.*, 2011 WL 2565574 at *3 n.1 (N.D. Cal. June 29, 2011).

The lack of an explicit mention of class arbitration here does not constitute the "silence" contemplated in *Stolt-Nielsen*, as the parties did not affirmatively agree to a waiver of class claims in arbitration. Indeed, such a waiver in the employment context would likely not be enforceable. *See Lewis v. Epic Sys. Corp.*, __ F.3d __, 2016 WL 3029464 (7th Cir. May 26, 2016) (class action waiver violates Section 7 of the National Labor Relations Act ("NLRA")); *Totten v. Kellogg Brown & Root, LLC*, 2016 WL 316019 (C.D. Cal. Jan. 22, 2016) (same); *but see D.R. Horton, Inc. v. NLRB*, 737 F.3d 344 (5th Cir. 2013) (class action waiver does not violate NLRA).

In addition to the dubious enforceability of a class arbitration waiver in the employment context, the Court agrees with Varela that the language of the Arbitration Agreement is at least ambiguous as to class claims. The Court therefore construes the ambiguity against the drafter and finds that the parties may proceed to arbitrate class claims. *See Jacobs v. Fire Ins. Exch.*, 36 Cal. App. 4th 1258, 1281, 42 Cal. Rptr. 2d 906, 921 (1995) (the drafter of an adhesion contract must be held responsible for any ambiguity in the agreement).

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES - GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | **CV 16-577-DMG (KSx)** | Date | July 7, 2016 |
| Title | *Frank Varela v. Lamps Plus, Inc., et al.* | Page | 10 of 10 |

**C.     Request for leave to conduct discovery on arbitration issues**

Varela has requested leave to conduct limited discovery on arbitration-related issues. (Opp. at 15). The Court denies Varela's request, because Varela has not identified what type of facts he would seek, and the Court has sufficient facts to make its determination on the motion to compel arbitration.

**D.     Motion to Dismiss**

Lamps Plus's motion to dismiss is premised in the alternative, as its primary contention is that Varela's claims are subject to arbitration. (MTC at 11). Given that the Court is granting the motion to compel arbitration, all of Varela's claims against Lamps Plus are dismissed without prejudice. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (dismissal of claims subject to arbitration clause is appropriate).

**V.
CONCLUSION**

In light of the foregoing, Lamps Plus motion to compel arbitration is **GRANTED**, and its motion to dismiss is **GRANTED** without prejudice.

**IT IS SO ORDERED.**